**UNITED STATES PIPE AND FOUNDRY COMPANY, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 24837.**

United States Court of Appeals
Fifth Circuit.

July 23, 1968.

 

**GRIFFIN B. BELL, Circuit Judge:**

The novel question presented in this case turns on the breadth of the remedy which the Board may fashion under § 10(c) of the National Labor Relations Act. 29 U.S.C.A. § 160(c).[1]

United States Pipe and Foundry Company obligated itself to purchase the assets, including the manufacturing facilities of Perma Vinyl Corporation. Perma Vinyl was engaged in manufacturing plastic pipe in Florida. United States Pipe consummated the purchase and continued the manufacture of plastic pipe in the acquired facilities in the same manner and with substantially the same work force. The president of Perma Vinyl became its plant manager. United States Pipe was then ordered to remedy unfair labor practices committed by Perma Vinyl prior to the acquisition by reinstating four employees who had been discharged by Perma Vinyl.

The acquisition took place in December 1964. In May, 1964 Perma Vinyl was charged with violating §§ 8(a) (1) and 8(a) (3) and (1) of the Act, 29 U.S.C.A. § 158(a) (1) and (3), a complaint was issued on the charges in July 1964, and the matter was heard before a Trial Examiner in September 1964. No decision had been rendered by the Trial Examiner when the Perma Vinyl assets were transferred to United States Pipe in December 1964.

 It is undisputed that United States Pipe had notice of the pending unfair practice proceedings prior to the date of closing. It is contended, however, that this notice was not brought home to United States Pipe until after it had obligated itself in November 1964 to go forward with the purchase. There

John J. Coleman, Jr., A. Henry Gaede, Jr., Birmingham, Ala., for petitioner; Allen Poppleton, Bradley, Arant, Rose & White, Birmingham, Ala., of counsel.

Benj. L. Erdreich, Birmingham, Ala., Michael Gottesman, Washington, D. C., Bernard Kleinman, Chicago, Ill., Elliot Bredhoff, George H. Cohen, Washington, D. C., Jerome Cooper, Birmingham, Ala., for intervenor.

Marcel Mallet-Prevost, Asst. Gen. Counsel, William F. Wachter, Atty., NLRB, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Lawrence M. Joseph, Atty., NLRB, for respondent.

Before JOHN R. BROWN, Chief Judge, and BELL, Circuit Judge, and HOOPER, District Judge.

---

1. 29 U.S.C.A. § 160(c) in pertinent part: "* * * If upon the preponderance of the testimony taken the Board shall be of the opinion that any person named in the complaint has engaged in or is engaging in any such unfair labor practice, then the Board shall state its findings of fact and shall issue and cause to be served on such person an order requiring such person to cease and desist from such unfair labor practice, and take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter: *Provided,* That where an order directs reinstatement of an employee, back pay may be required of the employer or labor organization, as the case may be, responsible for the discrimination suffered by him: * * *."

is evidence of record in the form of the testimony of the president of Perma Vinyl which supports the finding of the Board that United States Pipe had ample notice prior to becoming finally obligated to go forward. We thus consider the appeal on the basis of United States Pipe having acquired the assets with notice of the unfair practice proceedings.

The Board issued its order in April 1965 on the decision of the Trial Examiner holding against Perma Vinyl on the original charges. United States Pipe was in no way involved in that proceeding or in the unfair labor practices forming the subject matter of the proceeding. The Board order against Perma Vinyl was not contested and United States Pipe is not claiming the right to contest that decision on the merits. Its complaint arises out of the Board requiring it, as successor to Perma Vinyl, to remedy the derelictions of Perma Vinyl.

In July 1965 United States Pipe was served with notice which in effect required it to show cause why it should not be charged, as Perma Vinyl's successor, with remedying the unfair labor practices including the reinstatement of the four employees. The notice was in the form of a back pay specification hearing. The Trial Examiner, following prior Board decisions, ruled that United States Pipe was not so obligated. See Symns Grocer Co., 109 NLRB 346 (1954). The Board reversed, expressly overruling the *Symns* case.

■■ United States Pipe petitioned to review and set aside that order of the Board and the Board has cross-petitioned for enforcement of its order. United States Pipe makes two assertions: First, it contends that the Board was without power to enter the order against it; and second, that it was denied due process of law by the Board. We reject both contentions and thereby deny the petition for review and enforce the order of the Board.

We will first consider the due process argument. As we have stated, United States Pipe had notice of the pending unfair practice proceedings against Perma Vinyl. After the entry of the Board order against Perma Vinyl a proceeding was instituted to settle the question of remedies due under that order. That proceeding was brought against United States Pipe and Dade Plastics Co.[2] United States Pipe received notice of this proceeding and duly answered. A hearing was held before a Trial Examiner and United States Pipe appeared and participated without restriction at the hearing. There is no contention of a denial of due process by virtue of having been deprived of the right to defend the original charges, so that question is not before us. We hold that United States Pipe was not deprived of substantive or procedural due process in the premises. Whether the ruling against it on the merits was incorrect is another question and will be next considered.

In Alexander Milburn Co., 78 NLRB 747 (1948), the Board concluded that a corporation acquiring the business and assets of a respondent in an unfair labor practices proceeding with knowledge of the existence of the pending cause against the respondent was responsible to remedy the unfair labor practices of the predecessor. The order requiring the successor to afford the necessary remedies (reinstatement and back pay), was entered upon reopening the record in the original proceeding after decision. The successor corporation was given notice of the theory of successorship and was afforded an opportunity to be heard. This considered decision was rendered by the Board in the face of the claim that it had no power to pursue the successor corporation. It was noted that the power of the Board is unquestioned in those cases where the successor was a mere disguised continuance of an alter ego of an employer found to have engaged in unfair labor practices. Southport Petroleum Co. v. NLRB, 1942,

---

2. The purchase agreement required that the name of Perma Vinyl Corporation be changed; hence, Dade Plastics Co.

315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718. The Board pointed to the statement in Le Tourneau Company of Georgia v. NLRB, 5 Cir., 1945, 150 F.2d 1012, that a successor might be bound to remedy unfair labor practices where a whole plant had been assigned. The fact, however, that this statement was dicta was recognized.

The Board concluded that the successor corporation (Black Company), was not an alter ego or a disguised continuance of the original respondent Milburn and that it had not participated in the unfair labor practices. It held, nevertheless, that because the original business was transferred to Black with notice and the employees performed the same work after the transfer as before the same place and under the same terms and conditions of employment, the successor was obligated to remedy the unfair labor practices which had been committed by the predecessor owner. The rationale of this holding was the necessity of mitigating the coercive effects of the predecessor's unfair labor practices on the employees in the exercise of their § 7 rights. 29 U.S.C.A. § 157.

The case of NLRB v. Birdsall-Stockdale Motor Company, 10 Cir., 1952, 208 F.2d 234, 46 A.L.R.2d 587 was then decided. It involved a violation of §§ 8(a)(5) and (1) of the Act, 29 U.S.C.A. § 158(a) (5) and (1), and the court concluded that the successor corporation was not bound to afford the remedies required under the original unfair practice proceeding. The court analogized the situation with the scope of injunctive orders under Rule 65(d), F.R.Civ. P., and concluded that there was not sufficient nexus between the original respondents and the acquiring corporations by way of a disguised continuance, or an alter ego status, or through a concert or participation to evade the

original order. Thus, despite having notice of the pending unfair practices proceeding against the predecessor, the successor corporation was absolved. See also NLRB v. Lunder Shoe Corporation, 1 Cir., 1954, 211 F.2d 284.

These cases led the Board to change its position from that stated in *Alexander Milburn Co.*, supra. Its new position was stated in *Symns Grocer Co.*, supra, wherein it likewise adopted the Rule 65(d) analogy and restriction and absolved a successor corporation.

The Trial Examiner followed the *Symns* case here only to be reversed by the Board by another change in position. 164 NLRB No. 119. This time the Board relied on John Wiley & Sons, Inc. v. Livingston, 1964, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898. One question in that case was whether an arbitration agreement was binding on a successor corporation. The court was of the view that the objectives of the national labor policy require that the right of owners to rearrange their businesses be balanced by some protection to the employees from a sudden change in the employment relationship. The court concluded that the arbitration agreement was binding upon a purchaser of the business whenever a "similarity and continuity of operation across the change of ownership" is shown. This ruling has been followed in other cases to hold that a collective bargaining agreement is binding on subsequent purchasers of a business. United States Gypsum Co. v. United Steelworkers of America, 5 Cir., 1967, 384 F.2d 38; Monroe Sander Corp. v. Livingston, 2 Cir., 1967, 377 F.2d 6; Wackenhut Corp. v. International Union, United Plant Guard Workers of America, 1964, 9 Cir., 332 F.2d 954.[3]

The case before us does not involve back pay. Perma Vinyl paid all sums

3. We have held that a bona fide purchaser of a business must honor the certification of a union as a bargaining representative, depending on the extent to which the enterprise continues to be operated in essentially unchanged form. Cf.

NLRB v. Auto Ventshade, Inc., 5 Cir., 1960, 276 F.2d 303, with NLRB v. Alamo White Truck Service, Inc., 5 Cir., 1959, 273 F.2d 238. See also Makela Welding, Inc. v. NLRB, 6 Cir., 1967, 387 F.2d 40, 46.

due to the date of the transfer to United States Pipe. The Board sought no further sums from Perma Vinyl. No reason is given for this amnesty. The Board did not seek back pay from United States Pipe and this approach was in an apparent effort to give the change of position from the *Symns* case a type of prospective application.[4] The Board, however, takes the strong position that equity required United States Pipe to reinstate the four employees in the event they desire to be reinstated.

This contention rests on the fact that United States Pipe continued to operate the plant in the same manner and with the same jobs. The order does not require that jobs be created. Cf. NLRB v. Biscayne Television Corporation, 5 Cir., 1961, 289 F.2d 338; NLRB v. American Steel Building Co., 5 Cir., 1960, 278 F.2d 480.

The order simply seeks to effectuate the policy and purposes of the Act to the end of protecting the employees in question. We conclude that the Board had the power under § 10(c), based on the circumstances obtaining, to require United States Pipe to reinstate the employees involved. Only United States Pipe can reinstate the employees; it took the plant with notice that the employees were claiming their jobs; the jobs still exist; the exigencies of the situation are such that the policy of protecting the employees can only be afforded by United States Pipe. The Board has properly balanced the equities.

The Board changed its position after the purchase but that was a risk entailed in the purchase. United States Pipe was a bona fide purchaser as distinguished from an alter ego or a disguised continuance. It was not acting in concert or participation to evade the Board order. In any event, it purchased with notice of the unfair practice proceedings and continued the same operation even to the jobs in question. This was a sufficient basis for requiring it to offer reinstatement to the employees on the successorship theory. This view is supported by *Wiley,* supra. It may or may not differ from *Birdsall-Stockdale Motor Company* and *Lunder Shoe Corporation*; if it does differ, we decline to follow those cases to the extent of the difference.

The petition to review is denied; the petition to enforce is granted.

---

4. We thus do not reach the question whether United States Pipe might also be required to provide back pay to these employees. Cf. Alexander Milburn Co., supra. Section 10(c), fn. (1), supra, would seem to cast this burden on the wrongdoer, Perma Vinyl, but the back pay question remains for another day.