**Rachel DOMINGUEZ, Appellant,**

v.

**HOTEL, MOTEL, RESTAURANT & MIS-CELLANEOUS BARTENDERS UN-ION, LOCAL # 64; Holiday Inn, Appellees.**

**No. 81–1769.**

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1982.

Decided April 1, 1982.

Samuel I. McHenry, Kansas City, Mo., for appellant.

John D. Dunbar, Kansas City, Mo., for appellee Kansas City Inns, Inc.; Margolin & Kirwan, Kansas City, Mo., of counsel.

Richard Helfand, Panethiere & Helfand, Kansas City, Mo., for appellee, Hotel, Motel, Restaurant & Miscellaneous Bartenders Union, Etc.

Before HEANEY, BRIGHT and HEN-LEY, Circuit Judges.

PER CURIAM.

Appellant Rachel Dominguez brought an action against appellee Kansas City Inns, Inc. (KC Inns), the alleged successor of her former employer KP Management Corporation, and appellee Hotel, Motel, Restaurant and Miscellaneous Bartenders Local 64. She alleged that KC Inns was responsible, under the doctrine of successor liability, for sexually discriminatory employment practices by KP Management, the operator of a Holiday Inn at which appellant worked as an extra banquet waitress from October 16, 1974 to approximately January 10, 1975,

and for her former employer's retaliatory refusal to accept her for employment upon referral by Local 64 because of numerous grievances she filed. Appellant also asserted that Local 64 had participated in and condoned the alleged discriminatory and retaliatory actions and that the union had violated its duty of fair representation.

The parties agreed to a trial before a United States Magistrate, who resolved all claims against appellant. The district court adopted the Magistrate's recommendations. We affirm.

## I. Successor Liability

KC Inns acquired title to the Holiday Inn premises on July 28, 1976 at a foreclosure sale conducted by the trustee under a November 15, 1974 deed of trust issued by the Holiday Inn's owners, a limited partnership and an individual, to secure payment of a debt described in the deed.[1] At this time, appellee was unaware of the sex discrimination charges filed by appellant with the Equal Employment Opportunity Commission (EEOC) on October 14, 1975.[2]

After KC Inns acquired title, it continued to operate the Holiday Inn under the name "Holiday Inn"[3] and to provide substantially the same services. Additionally, it used the same physical plant and equipment and substantially the same work force and low and mid-level supervisory personnel. We also note that the same jobs continued to exist under substantially the same working conditions.

As to KC Inns, the question presented by this appeal is whether KC Inns assumed the liability of KP Management for any past discriminatory employment practices when it acquired title to the Holiday Inn premises at a public sale before it had notice of the EEOC charges filed by appellant. We conclude that it did not. Although there was substantial identity of business operations here, it is clear that at the time KC Inns acquired and began operation of the Holiday Inn, it had no direct or indirect knowledge of appellant's allegations of discrimination. See EEOC v. MacMilian Bloedel Containers, Inc., 503 F.2d 1086, 1090 (6th Cir. 1974). In the absence of any knowledge of the pending charges and in view of KC Inns' acquisition of the Holiday Inn at a foreclosure sale, we cannot say that in the circumstances of this case, the district court's determination that appellee was not liable was clearly erroneous. See Golden State Bottling Co. v. NLRB, 414 U.S. 168, 94 S.Ct. 414, 38 L.Ed.2d 388 (1973); NLRB v. Fabsteel Co., 587 F.2d 689 (5th Cir.), cert. denied, 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979); EEOC v. MacMillan Bloedel Containers, Inc., supra; Perma Vinyl Corp., 164 N.L.R.B. 968 (1967), enforced sub nom. United States Pipe and Foundry Co. v. NLRB, 398 F.2d 544 (5th Cir. 1968).

## II. Union Liability

Appellant was a member of appellee Local 64. To find employment as an extra waitress at banquets, she waited for a telephone call from Local 64 or went to the union referral hall to see if work was available. She was also free to personally seek work at various Kansas City hotels.

During the brief period appellant worked at the Holiday Inn she filed numerous grievances with Local 64 complaining about wages and working conditions. None of these grievances either expressly or impliedly referred to sexually discriminatory employment practices. Union officials repeatedly attempted to process appellant's grievances, but she stymied their efforts by refusing to cooperate.

Sometime in January, 1975 the Holiday Inn management informed appellant and Local 64 that it no longer wanted her to be referred for work at the Holiday Inn when extra banquet waitresses were needed.

---

1. Before KC Inns acquired the Holiday Inn, the holders of the note secured by the deed of trust sued and requested the appointment of a receiver. A Missouri court appointed a receiver on March 17, 1976, who operated the Holiday Inn until KC Inns acquired it at the public sale.

2. Appellant named only "Holiday Inn" and Local 64 in the charges. She did not name KC Inns or the owners of the Holiday Inn at any time.

3. Appellee, however, did not use KP Management to operate the Holiday Inn.

The union complied with this request. Appellant received a letter directly from the Holiday Inn stating: "The reasons we no longer wish you to be sent to us by the Union are: (1) You have filed many grievances against the Holiday Inn, none of which we have found to be valid. . . ." Union officials did not see a copy of this letter until the pretrial discovery proceedings. Appellant did not file a grievance with Local 64 concerning the Holiday Inn's refusal to accept her for work and did not complain in any way to the union about the Holiday Inn's action.

 Addressing appellant's claim that Local 64 participated in and condoned the alleged discriminatory and retaliatory practices of the Holiday Inn, we find that the evidence established that appellant did nothing to call the union's attention to the Holiday Inn's retaliatory motive in refusing to accept her for work after January, 1975. Moreover, despite the long list of complaints contained in her grievances, the union still had no clue from either the language or context of the complaints that sex discrimination was the problem. In light of these facts, the district court's determination on this question was not clearly erroneous. *See Donnell v. General Motors Corp.*, 576 F.2d 1292, 1300 (8th Cir. 1978).

We also conclude that the denial of relief on appellant's fair representation claim was not based on clearly erroneous findings or a misapprehension of the applicable law. On this point, appellant argues that despite the Holiday Inn's request that she not be referred for employment, Local 64 was obligated to continue to refer her until it had thoroughly investigated her grievances and determined that they were meritless. In countering the union's argument that it was required, under a contract between it and an association of Kansas City hotels, to discontinue referring appellant,[4] counsel points to a letter from the Holiday Inn to Local 64 stating that the management preferred that appellant no longer be referred but would leave the matter to the union's discretion. After carefully examining the evidence and considering the parties' arguments, we conclude that the district court was not clearly erroneous in concluding that the union did not violate its duty of fair representation. *See Street, Electric Railway and Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971).

Accordingly, the judgment of the district court is affirmed.

---

4. The relevant provision of the contract stated that the hotels had the exclusive right to " 'select the employees [they] will hire.' "