# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2365

_____

| | | |
|---|---|---|
| Angela Prince, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Kids Ark Learning Center, | * | [PUBLISHED] |
| LLC; Life Changers Academy, | * | |
| LLC, | * | |
| Defendants-Appellees. | * | |

_____

Submitted: June 17, 2010
Filed: September 29, 2010

_____

Before LOKEN, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Angela Prince appeals from judgment as a matter of law entered in favor of Kids Ark Learning Center, LLC (Kids Ark). Under Title VII of the Civil Rights Act of 1964, in some circumstances a "successor employer" may be held liable for the discriminatory employment practices of its predecessor. *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1090-91 (6th Cir. 1974) (*MacMillan*). A jury found that Prince suffered sexual harassment in violation of Title VII, and Prince sought to impose successor liability on Kids Ark because the violator, Johnson's Christian Daycare (JCD), was defunct. The district court concluded that imposition of

successor liability would be inappropriate and entered judgment for Kids Ark. We affirm, concluding the district court did not abuse its discretion.

## I.    Background

Frances Johnson owned JCD, a daycare business that began operating in the early 1990s and by 1996 had moved into a building purchased by Frances. Prince worked at JCD from 1996 until Frances terminated her employment in 2001. While employed by JCD, Prince was sexually harassed by Gary Johnson, the son of Frances.

In February 2003, Prince filed a charge against JCD with the EEOC. During this same period, several events occurred relevant to this lawsuit. Frances stopped running JCD because she was experiencing health problems which required surgery and she could not work. The state began investigating JCD, and Frances' daycare license was placed on probation because of drug charges against Gary and because a child had been left unattended. Frances asked her daughter, Gale Henderson, who owned and operated a different daycare center, if she wanted to expand her daycare operations into the JCD location.

Over the next several months, Henderson contacted the appropriate authorities and sought a new daycare license under the name Kids Ark Learning Center. Gale testified she sought a new license because she did not want the problems at Kids Ark affecting her other daycare operation. Gale entered into a lease with Frances of $5,000 per month for use of JCD's building, furniture, toys, and some vehicles. Daycare operations at JCD continued to operate during this period and never ceased at the JCD location because Kids Ark simply took over. Kids Ark hired five of JCD's employees, who initially comprised the only employees of Kids Ark, and JCD's office manager took the same position within Kids Ark.

In 2005 Prince filed suit against JCD in federal court for violations of Title VII.[1] Prince later amended her complaint, adding Kids Ark as a defendant on a theory of successor liability. At the close of Prince's case-in-chief, Kids Ark moved for judgment as a matter of law. The district court denied the motion.

The jury returned a verdict in favor of Prince, finding JCD violated Title VII. The jury did not consider the issue of successor liability. The district court then granted Kids Ark's renewed motion for judgment as a matter of law. Within ten days of entry of judgment, Prince moved for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). The district court denied Prince relief, and Prince timely appealed.[2]

## II.    Discussion

A preliminary issue is the standard of review. Prince correctly contends that appeal from the denial of a Rule 59(e) motion allows challenge of the underlying ruling that produced the judgment – in this case, judgment as a matter of law. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 165 n.3 (8th Cir. 1988) (stating that an appeal from a Rule 59(e) motion permits the appellant "to challenge . . . all rulings that produced the judgment," but the denial of the Rule 59(e) motion itself is reviewed

---

[1]Prince also brought suit against Caring Hearts (a daycare business owned and operated by Gary Johnson), as well as Gary and Frances individually. Prince later moved to dismiss the individual defendants and Caring Hearts.

[2]Although Prince filed a notice of appeal well past the thirty days allotted by Fed. R. App. P. 4, she filed her Rule 59(e) Motion to Alter or Amend a Judgment within ten days of the December 2008 entry of judgment, thereby tolling the thirty-day period, *see* Fed. R. App. P. 4(a)(4)(A)(iv), until entry of the March 30, 2009, order denying her Rule 59(e) motion. *See also Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (discussing tolling). Prince timely appealed the March 2009 order. We have jurisdiction under 28 U.S.C. § 1291.

for abuse of discretion); *Anderson v. Family Dollar Stores of Ark., Inc.*, 579 F.3d 858, 861-62 (8th Cir. 2009) (reviewing underlying summary judgment de novo but reviewing Rule 59(e) motion for abuse of discretion).[3] Prince next correctly asserts that we generally review judgment as a matter of law de novo. *See Roberson v. AFC Enters., Inc.*, 602 F.3d 931, 933 (8th Cir. 2010). Prince thus argues that we review the successorship issue de novo because the district court granted judgment as a matter of law on this issue. We disagree.

Successor liability is an equitable determination. *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 553-54 (6th Cir. 2006) (citing *MacMillan*, 503 F.2d at 1089-91). "We review for an abuse of discretion the district court's grant or denial of equitable relief under Title VII." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 676 (8th Cir. 2006) (reviewing the denial of an injunction) (citing *Gumbhir v. Curators of the Univ. of Mo.*, 157 F.3d 1141, 1144 (8th Cir. 1998)); *see also Franks v. Bowman Transp. Co.*, 424 U.S. 747, 764 (1976) (noting that federal courts have wide discretion "to fashion the most complete relief possible" because Title VII is intended to make whole the victims of discrimination). Here, the jury did not decide the issue of successor liability, and we conclude that, as an equitable determination, we review a district court's determination of successor liability under Title VII for abuse of discretion.[4]

---

[3]Prince's appeal from the denial of a Rule 60(b) motion, on the other hand, "does not raise the underlying judgment for review; it presents the appellate court only with the question of whether the trial court abused its discretion in ruling on the motion." *Sanders*, 862 F.2d at 169. Thus, insofar as Prince appeals the denial of her Rule 60(b) motion, this court may only consider whether the district court abused its discretion in denying that motion. But this distinction is immaterial in this case because our review of the court's successorship determination answers the Rule 60(b) question.

[4]Although a previous Eighth Circuit decision suggests that we review successorship for clear error, *see Dominguez v. Local #64*, 674 F.2d 732, 733 (8th Cir. 1982) (holding the district court's successorship determination was not clearly

The premise of successor liability is that "[f]ailure to hold a successor employer liable for the discriminatory practices of its predecessor could emasculate the relief provisions of Title VII by leaving the discriminatee without a remedy or with an incomplete remedy." *MacMillan*, 503 F.2d at 1091. The leading approach to resolving questions of successor liability remains the Sixth Circuit's decision in *MacMillan*, where the court set forth a nine-factor test to be applied on a case-by-case basis. 503 F.2d at 1094. These considerations include: (1) whether the successor company had notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuation of business operations; (4) whether the new employer uses the same plant; (5) whether the new employer uses the same or substantially the same work force; (6) whether the new employer uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether the new employer uses the same machinery, equipment, and methods of production; and (9) whether the new employer produces the same product. *Id.*

Here, several factors support the imposition of successor liability. The record indicates that Kids Ark had notice of the discrimination charge against JCD. The district court acknowledged that JCD was unable to provide relief. Kids Ark operates in the same location as JCD. The district court found that Kids Ark only had "a few" of the employees that previously worked at JCD. But Mildred Maclin, a supervisor at JCD, testified that JCD had ten employees when it ceased operating, five of whom went over to Kids Ark and constituted the entire initial staff of Kids Ark. Both businesses provided daycare and therefore the jobs existed under substantially the

erroneous), the standard of review was not at issue in *Dominguez*, and therefore that case does not control. *See Brecht v. Abrahamson*, 507 U.S. 619, 630-31 (1993) (holding that stare decisis does not bind future courts on issues not squarely addressed); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

same working conditions.  Maclin also testified that Kids Ark used the same playground equipment as JCD and some of the same vehicles used by JCD.

Although several of these factors favor the imposition of liability, we cannot conclude the district court abused its discretion.  As the Sixth Circuit recently explained, the factors listed in *MacMillan* "are not in themselves the test for successor liability. . . . The ultimate inquiry always remains whether the imposition of the particular legal obligation at issue would be equitable and in keeping with federal policy."  *Cobb*, 452 F.3d at 554.  Here, the district court found that JCD could not continue operations because its owner (Frances Johnson) had poor health; JCD was on probation with the state due to mismanagement; and JCD was losing its license notwithstanding the discriminatory conduct.  The district court also found that Kids Ark had new management (Frances' daughter, Gale) and new financing.  The court found no connection between the formation of Kids Ark and Prince's claim of discrimination.  Thus the court determined that imposing successor liability would be "inappropriate."

In light of our standard of review, we affirm.

_____