## Orlando E. TOWNSEND, Appellant,

v.

## TERMINAL PACKAGING CO. and Pat Ryan, Appellees.

### No. 88–1193.

United States Court of Appeals, Eighth Circuit.

Submitted July 28, 1988.

Decided Aug. 10, 1988.

Orlando E. Townsend, Omaha, Neb., for appellant.

Timothy J. Cuddigan, Omaha, Neb., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Orlando Townsend appeals *pro se* from the order of the District Court[1] for the District of Nebraska dismissing as untimely his motion for reconsideration of an order dismissing his complaint for failure to comply with discovery. For reversal, Townsend argues that the district court abused its discretion in dismissing the motion, because his psychologist advised him to avoid circumstances that would cause "excessive mental duress" including "the grueling nature that deposition taking may entail." For the following reasons, we affirm.

Townsend, a black male, began working for the Terminal Packaging Company (Terminal Packaging) in August 1983, and was discharged in February 1985 for repeated tardiness. On April 21, 1986, he filed suit in federal court for employment discrimination under 42 U.S.C. § 1981 against Terminal Packaging and one of its employees, Pat Ryan.

1. The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

During the course of discovery, Townsend failed to appear for depositions on three occasions, including one occasion when the magistrate had ordered him to appear. After he also failed to attend a scheduled pretrial conference, Terminal Packaging and Ryan moved for dismissal with prejudice under Federal Rule of Civil Procedure 37(b)(2)(C). On May 4, 1987, the district court granted the motion and dismissed the case.

Approximately seven months later, on December 28, 1987, Townsend filed a "motion to reconsider" which the court denied on January 26, 1988, on the ground that it was untimely. Three days later, Townsend appealed the order denying his motion for reconsideration.

It is not clear whether the district court treated Townsend's motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for postjudgment relief under Federal Rule of Civil Procedure 60(b). In either case, we conclude that the district court properly dismissed Townsend's motion as untimely.

■ Under Rule 59(e), Townsend had ten days from the May 4, 1987, dismissal order to file a motion to alter the judgment.[2] This he failed to do, and therefore, the district court was without jurisdiction to consider such a motion. *See Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986).

■ Under Rule 60(b), relief may be granted for, inter alia, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." *See* Fed.R. Civ.P. 60(b)(1) and (6). However, when the alleged error could have been corrected by appeal, this court requires that the Rule 60(b) motion be made within the thirty-day time period for filing a notice of appeal, so as to prevent its use as a substitute for timely appeal on the underlying merits. *See Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir.1980); *Hoffman v. Celebrezze*, 405 F.2d

833, 836 (8th Cir.1969). Townsend's "motion to reconsider" was not made within thirty days of the district court's original dismissal of his complaint, and his appeal raises virtually the same issue that would have been posed had he timely appealed that dismissal: Whether his medical situation constituted good cause or excusable neglect such that the district court's refusal to grant relief from the dismissal was an abuse of discretion.

Accordingly, we affirm the order of the district court dismissing Townsend's motion as untimely.

---

**2.** A district court may not extend the time for filing a motion under Rule 59(e). Fed.R.Civ.P. 6(b).