866 F.2d 1002
 13 Fed.R.Serv.3d 309
 Frances SPANGLE, Jerry Spangle, Appellant, Wife and Husband,
v.
MING TAH ELECTRIC COMPANY; Mahogany Products;
Tacony Corporation, a Missouri corporation, Appellee.
Penn-Daniels, Inc., a Delaware corporation; Paul Fan d/b/a
Mahogany Products.
Frances SPANGLE and Jerry Spangle, Wife and Husband
v.
MING TAH ELECTRIC COMPANY, Appellee,
Mahogany Products;
Tacony Corporation, a Missouri corporation, Appellant.
Penn-Daniels, Inc., a Delaware corporation; Paul Fan d/b/a
Mahogany Products.
 Nos. 88-1568, 88-1648.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 9, 1988.
Decided Jan. 26, 1989.
 
 Stephen D. Hardy, Des Moines, Iowa, for appellant.
 Philip H. Dorff, Des Moines, Iowa, for Tacony.
 Ross A. Walters, Des Moines, Iowa, for Ming Tah Elec. Co.
 Before LAY, Chief Judge, McMILLIAN and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Jerry Spangle appeals from the district court's postjudgment order granting Tacony Corporation's (Tacony) claim for contribution. Because the district court lacked jurisdiction to relieve Tacony from a final judgment, we reverse. Tacony cross-appeals from the same order, which also dismissed its cross-claim for indemnity and contribution from Ming Tah Electric Company (Ming Tah). We affirm on Tacony's cross-appeal.
 
 
 2
 Jerry and Frances Spangle bought a ceiling fan made by Ming Tah and imported by Tacony. After Jerry Spangle installed the fan in the Spangles' home, it fell on Frances Spangle and seriously injured her. The Spangles then sued Ming Tah and Tacony. Tacony counterclaimed for contribution from Jerry Spangle. The jury found Ming Tah and Tacony liable for Frances Spangle's injuries, and the district court entered judgment against them. Although the jury also found Jerry Spangle negligent, the judgment did not mention Tacony's contribution claim.
 
 
 3
 In postjudgment proceedings, Tacony sought indemnity and contribution from Ming Tah. Several months later, Tacony amended its cross-claim against Ming Tah to renew the contribution claim against Jerry Spangle. Without identifying any supporting rule of civil procedure, the district court ordered the entry of an amended judgment granting Tacony's claim for contribution from Jerry Spangle. The district court dismissed Tacony's cross-claim against Ming Tah at the same time.
 
 
 4
 In his appeal, Jerry Spangle argues the district court lacked jurisdiction to amend the original judgment and grant Tacony's claim for contribution. We agree.
 
 
 5
 While Federal Rule of Civil Procedure 59(e) empowers district courts to alter or amend original judgments, a rule 59(e) motion must be filed within ten days after entry of the judgment. Fed.R.Civ.P. 59(e). Tacony concedes its failure to file a timely rule 59(e) motion eliminates that rule as the basis for the district court's action. See Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir.1988); Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir.1988) (per curiam).
 
 
 6
 At oral argument, Tacony asserted "that since judgment was not correctly entered the first time around, then the [district] court had the authority and the discretion [to amend the original judgment] under [Federal Rule of Civil Procedure] 60(b)." Although we recognize that rule 60(b)(1) can be used to obtain relief from judgments entered through judicial inadvertence, CRI, Inc. v. Watson, 608 F.2d 1137, 1143 (8th Cir.1979), a party must seek this relief within the time allowed for appeal from a final judgment when the claimed error could have been corrected by appeal. Townsend, 853 F.2d at 624; Chester v. St. Louis Hous. Auth., 820 F.2d 259, 260 (8th Cir.) (per curiam), cert. denied, --- U.S. ----, 108 S.Ct. 236, 98 L.Ed.2d 195 (1987).
 
 
 7
 Tacony argues that because "[t]he judgment was silent on [its] counterclaim for contribution against Jerry Spangle[,] * * * the judgment * * * was not final." We disagree. The district court rejected Tacony's claim for contribution when it entered the original judgment without disposing of that claim. See Raffone v. Robinson, 607 F.2d 1058, 1061 (2d Cir.1979); Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772, 778 (7th Cir.1975); Johnson v. McDole, 394 F.Supp. 1197, 1203 (W.D.La.1975), appeal dismissed, 526 F.2d 710, 711 (5th Cir.1976). If this rejection was erroneous, Tacony could have obtained relief by appealing from the judgment. Thus, Tacony was required to seek rule 60(b) relief concerning the claimed error within the time allowed for appeal of the original judgment, Fed.R.App.P. 4(a)(1). Tacony intimates that it met this requirement by referring to the Spangle contribution claim in a brief filed in support of its cross-claim against Ming Tah. We decline to treat a brief that bolsters a claim against one party as a rule 60(b) motion for relief from a final judgment on a claim against another party. Because Tacony failed to file a timely rule 60(b) motion, the district court lacked jurisdiction to amend the original judgment. See Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1063 (8th Cir.1986).
 
 
 8
 With regard to Tacony's cross-appeal, a detailed discussion of applicable state law would serve no useful purpose. After carefully reviewing the record and considering the parties' briefs and arguments, we conclude the district court properly dismissed Tacony's cross-claim seeking indemnity and contribution from Ming Tah. See Wolverton Farmers Elevator v. First Am. Bank, 851 F.2d 223, 225 (8th Cir.1988) (per curiam).
 
 
 9
 In conclusion, we reverse the district court order granting Tacony contribution from Jerry Spangle, and to this extent we remand with instructions to vacate the amended judgment. On Tacony's cross-appeal, we affirm.