980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry L. PARKER, Appellant,
v.
William DIEZ; Tom Yoder; Ron Koppelman; Bob Parks, Appellees.
 No. 92-1824.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 24, 1992.
Filed: November 30, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry L. Parker, a Missouri inmate, appeals from the district court's[1] order dismissing without prejudice his 42 U.S.C. § 1983 action and the court's denial of his subsequent "Motion to Vacate Judgment." We affirm in part and dismiss in part for lack of jurisdiction.
 
 
 2
 In May 1990 Parker brought this action against three law enforcement officers and a prosecuting attorney. He challenged as impermissibly suggestive a photo array which led to his arrest on criminal charges and resulted in his parole revocation. He also challenged an initial physical lineup as suggestive and alleged that defendants denied him counsel during the lineup. Noting that the state court had not ruled on the challenged procedures inasmuch as Parker had not yet been tried, and that Parker had state appellate and postconviction remedies, the district court dismissed Parker's claim without prejudice. The court's order was entered on the docket on July 16, 1991.
 
 
 3
 On August 5, 1991, Parker filed a "Motion to Vacate Judgment" under Federal Rule of Civil Procedure 60(b), stating that he should not be faulted for not filing under Federal Rule of Civil Procedure 59(e), because he did not receive the July order until after the ten-day period allowed for filing such motions. In the motion, Parker argued that he never asked the court to interfere with criminal proceedings; he was tried before the court's order was issued, and the trial-based primarily on the identification evidence-ended in a hung jury; the court ignored other claims he made and did not allow him to amend his complaint to correct possible defects; and Parker had now been convicted, thus forever destroying his parole status. The district court denied Parker's motion on March 16, 1992. Parker filed a notice of appeal on March 25, 1992, in which he appealed the July 1991 order and March 1992 denial of his Rule 60(b) motion.
 
 
 4
 Parker's Rule 60(b) motion did not toll the time for appeal. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). To the extent Parker was asking the district court for an extension of time to file under Rule 59(e), which would have tolled the time for appeal, see id. at 168, "[a] district court may not extend the time for filing a motion under Rule 59(e)." Townsend v. Terminal Packaging Co., 853 F.2d 623, 624, n.2 (8th Cir. 1988) (per curiam) (citing Fed. R. Civ. P. 6(b)). Thus, his appeal of the July dismissal order is untimely, and we lack jurisdiction to review it. See Fed. R. App. P. 4(a)(1) (notice of appeal in civil case shall be filed within thirty days after date of entry of judgment or order appealed from); Hable v. Pairolero, 915 F.2d 394 (8th Cir. 1990) ("[f]iling requirements for appeals are mandatory and jurisdictional").
 
 
 5
 As to the Rule 60(b) motion, "an appeal from the denial of a motion made under Rule 60(b) does not raise the underlying judgment for review; it presents the appellate court only with the question of whether the trial court abused its discretion in ruling on the motion." Sanders, 862 F.2d at 169. Rule 60(b) relief is granted only upon a showing of exceptional circumstances. Id. at 169 n.14. The new circumstances Parker raised in his Rule 60(b) motion-that he had been subjected to a hung-jury trial and had since been tried and convicted-did not change the fact that state remedies still existed, and thus did not resolve the district court's comity concerns. The remaining matters Parker raised in his Rule 60(b) motion also were not exceptional circumstances. See id. at 170. Thus, we conclude the district court did not abuse its discretion in denying Rule 60(b) relief.
 
 
 6
 Accordingly, we dismiss for lack of jurisdiction Parker's appeal of the district court's July order dismissing his suit without prejudice, and we affirm the district court's denial of Parker's Rule 60(b) motion. Parker's request for appointment of counsel is denied.
 
 
 
 [1]
 The HONORABLE EDWARD L. FILIPPINE, Chief Judge, United States District Court for the Eastern District of Missouri