**Ishmael K. BADRU, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV.A.94–025–01(RMC).**

United States District Court, District of Columbia.

May 1, 2003.

---

William Douglas Wham, Arlington, VA, David Carey Woll, Woll & Woll, P.A., Wheaton, MD, Marie Elise Haldane, Washington, DC, James Thomas Maloney, Maloney & Molson, P.L.L.C., Washington, DC, Barry C. Stiller, Stiller & Rykhus, P.C., Washington, DC, Sunanda Kumari Holmes, Silver Spring, MD, Jane Carol Norman, Bond & Norman, PLLC, Washington, DC, for petitioner.

Robert Daniel Okun, David C. Woll, Jr., U.S. Attorney's Office, Eileen Callahan Mayer, U.S. Department of Justice, Washington, DC, for U.S.

**MEMORANDUM OPINION**

COLLYER, District Judge.

Pending before the Court is a motion filed by Petitioner Ishmael K. Badru styled as Defendant's Request for Stay of Certificate of Appealability, and the Application of the Unique Circumstances Doctrine Pending a Court Ordered Resentencing for Allocution ("Motion"). In the Motion, Mr. Badru asks this Court "to vacate its previous order dated April 30, 2001, and order the present case back to the district court for resentencing, where the defendant must be allowed to allocute," *i.e.*, make a statement to lessen his sentence. Motion at 5. Because the Court finds that the motion is untimely under FED. R. CIV. P. 59(e) and improper under FED. R. CIV. P. 60(b), Mr. Badru's motion is denied.

### *Background*

On July 18, 1994, a jury convicted Mr. Badru of (1) one count of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846; (2) five counts of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and (b)(1)(C); (3)

one count of distribution of heroin within 1,000 feet of a university in violation of 21 U.S.C. § 860(a); and (4) one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). Following denial of his direct appeals, Mr. Badru filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. On April 14, 1998, Mr. Badru filed a "Motion for Writ of Habeas Corpus Ad Subjiciendum [sic] and/or In Alternative, Motion for Writ of Habeas Corpus in Pursuant to 28 U.S.C. § 2255." Chief Judge Johnson construed this motion as the controlling § 2255 motion.[1] *See United States of America v. Badru*, No. 94–025–01(NHJ), slip. op at 2 (D.D.C. April 11, 2001). Defendant also filed five supplemental motions.

On April 11, 2001, Chief Judge Johnson dismissed the supplemental motions as untimely. *See id.* at 9. Chief Judge Johnson granted in part and denied in part the § 2255 motion on April 30, 2001. Chief Judge Johnson found that Mr. Badru's sentence and conviction under Count Three (unlawful distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) on November 14, 1992) and Count Four (unlawful distribution of heroin within 1,000 feet of a university in violation of 21 U.S.C. § 860(a) on November 14, 1992) should merge with one another. *See United States of America v. Badru*, No. 94–025–01(NHJ), slip. op at 2 (D.D.C. April 30, 2001). Chief Judge Johnson vacated the judgement and sentences for Count Three. She found, in light of the vacation of Count Three, that the 960–month sentence imposed for Count Four was proper because the sentence was based on " 'the guideline for conspiracy to distribute a controlled substance and Unlawful Distribution of a Controlled Substance [within] 1000 feet of a University' rather than on the guideline for simple distribution." *Id.* at 6. She therefore found that resentencing was unnecessary. *See id.*

On February 6, 2002, Mr. Badru filed an Application for a Certificate of Appealability.

He subsequently filed the instant motion on June 10, 2002.

### Analysis

 Because Mr. Badru is proceeding *pro se,* the Court will liberally construe his motion to evaluate whether he is entitled to any relief. Treating it as a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e), it must be denied as untimely. A party must file a Rule 59(e) motion within ten days after entry of judgment. FED. R. CIV. P. 59(e). This Court cannot extend the time for filing Rule 59(e) motions, even if a party does not receive notice of an order. *See* FED. R. CIV. P. 6(b); *Derrington–Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C.Cir.1994) (clock on Rule 59(e) motion begins running when the clerk enters the judgment on the civil docket, not when the clerk serves by mail notice of the judgment, and district court has no discretion to extend this time period); *see also Parker v. Diez*, No. 92–1824, 1992 WL 347599, at *1, 1992 U.S.App. 31202, at *3 (8th Cir.1992).[2] The order granting in part and denying in part Mr. Badru's § 2255 motion was entered on the docket on May 4, 2001. Mr. Badru filed his present motion seeking modification of the Chief Judge's decision not to order resentencing on June 10, 2002, more than ten days after the entry of judgment. The motion is therefore untimely under FED. R. CIV. P. 59(e) and must be denied.

 Mr. Badru implicitly acknowledges that his motion is untimely by requesting that the Court apply the "unique circumstances doctrine" to reach the merits of his motion. Mr. Badru asserts that the doctrine is applicable because he suffered a constitutional violation when the Court erroneously failed to order a resentencing hearing and deprived him the right to allocute. Mr. Badru misconceives the unique circumstances doctrine. Contrary to his argument, the doctrine is not triggered when the court alleged-

---

1. Judge Johnson, who was Chief Judge of the United States District Court for the District of Columbia at the time, presided over the trial and decided the initial collateral motions before the case was transferred to the undersigned on March 24, 2003.

2. For this reason, Mr. Badru's Motion for Extension of Time to File Appeal or Reconsideration [doc. no. 274] must be denied.

ly makes a legal or constitutional error in a ruling. Rather, it is only applicable "to cases in which a party misses a deadline because he has been misled by a ruling or an order of the court containing assurances that the deadline has been extended." *United States v. Marquez*, 291 F.3d 23, 28 (D.C.Cir.2002). Mr. Badru has not, and cannot, point to any court order assuring him that the deadline to move to reconsider the April 30, 2001 order was extended. His untimeliness therefore is unexcused and his motion must be denied under FED. R. CIV. P. 59(e).

 The motion next could be construed as a Rule 60(b) motion for reconsideration. *See* FED. R. CIV. P. 60(b).[3] Mr. Badru does not raise allegations of fraud, inadvertence, excusable neglect, newly discovered evidence, surprise, or misconduct that would qualify his motion as a legitimate Rule 60(b) motion. *See* FED. R. CIV. P 60(b). Rather, the motion is premised on Chief Judge Johnson's alleged substantive legal error in declining to order a resentencing hearing upon vacation of the judgment and sentence for Count Three. The D.C. Circuit has cautioned against a broad interpretation of FED. R. CIV. P. 60(b), and "allows Rule 60(b) motions to challenge alleged legal errors only in the most extreme situations: namely, when the district court based its legal reasoning on case law that it had failed to realize had recently been overturned." *Ward v. Kennard*, 200 F.R.D. 137, 139 (D.D.C.2001) (citing *District of Columbia Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451–53 (D.C.Cir.1975)). Because Mr. Badru is asserting substantive legal errors that are not premised on any change in the law, and is not asserting any other extraordinary circumstances, his motion must be denied under FED. R. CIV. P. 60(b).

*Conclusion*

Mr. Badru's Request for Stay of Certificate of Appealability, and the Application of the Unique Circumstances Doctrine Pending a Court Ordered Resentencing for Allocution is denied. A separate Order will accompany this Memorandum Opinion.

---

**3.** Federal Rule of Civil Procedure 60(b), entitled "Relief from Judgment or Order: Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.," provides, in pertinent part, that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a relief judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discover-

ed in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it has been based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.