**Terry Wayne SANDERS, Appellant,**

v.

**CLEMCO INDUSTRIES and Ingersoll–Rand Company, Appellees.**

No. 88–1319.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Nov. 30, 1988.

---

1. Rule 9(b) of the Rules Governing Section 2254 cases in the United States District Courts.

John Malec, St. Louis, Mo., for appellant.

James Childres and Mark E. Lawson, St. Louis, Mo., for appellees.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge and FAGG, Circuit Judge.

BRIGHT, Senior Circuit Judge.

This case vividly illustrates that failure to follow federal rules of civil and appellate procedure can result in the loss of valuable rights of review. In this product liability action, Terry Wayne Sanders, plaintiff, appeals from the district court's[1] orders granting summary judgment for Clemco Industries (Clemco) and Ingersoll–Rand Company (Ingersoll), defendants, and denying Sanders' motion to reconsider and set aside the summary judgment order. Sanders filed this appeal within thirty days after the district court denied his motion for reconsideration, but more than thirty days after entry of the order for summary judgment. Because Sanders made his motion for reconsideration more than ten days after the order for summary judgment, which the parties viewed as the final judgment in the case, that motion did not toll the deadline for filing a notice of appeal of the summary judgment, and his appeal of that order is untimely.[2] Therefore, Sanders may appeal only the denial of his motion for reconsideration.

As we demonstrate in our discussion below, we may construe this motion for reconsideration in either of two ways: (1) as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure; or (2) as a motion for relief from a judgment under Rule 60(b).[3]

---

1. The Honorable Roy W. Harper, United States Senior District Judge for the Eastern and Western Districts of Missouri.

2. Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a party in a civil case not involving the United States or any of its agencies file a notice of appeal with the clerk of the district court within thirty days after the date of entry of the judgment or order subject to the appeal.

3. The appropriate appeal to raise rulings upon a Rule 59 motion is to appeal from the judgment. *Champeau v. Fruehauf Corp.,* 814 F.2d 1271, 1273 n. 1 (8th Cir.1987); *McGowne v. Challenge–Cook Bros.,* 672 F.2d 652, 659 (8th Cir. 1982). Such an appeal permits the appellant to challenge all prior nonfinal orders and all rulings that produced the judgment. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 451 (9th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*

If the motion arose under Rule 59(e), however, that motion was untimely and thus did not toll the running of the time for appeal under Rule 4(a)(4) of the Federal Rules of Appellate Procedure. Because Sanders brought this appeal more than thirty days after entry of judgment, we would dismiss such an appeal for want of jurisdiction. To preserve Sanders' appeal, we will construe the motion as one under Rule 60(b). Because the district court did not abuse its discretion in denying the motion for reconsideration as a motion for relief under Rule 60(b), we affirm.

## I. BACKGROUND

On September 30, 1978, Sanders sustained injury while using an air respirator manufactured by Clemco and a compressor built by Ingersoll. He filed a product liability action against the manufacturers in the circuit court in the City of St. Louis on September 29, 1983, just one day before the

¶ 203.18, at 3–80 (2d ed. 1987). Nevertheless, even when a notice of appeal is technically defective because it fails to designate the appeal as one from the final judgment, we may treat the appeal as taken from the final judgment if it "is otherwise properly taken and the intent of the appellant to appeal from the final judgment is clear." *Walther v. Omaha Pub. Power Dist.,* 412 F.2d 1164, 1165–66 (8th Cir.1969); *see also Simpson v. Norwesco, Inc.,* 583 F.2d 1007, 1009 n. 2 (8th Cir.1978) (construing appeal from order denying motion for judgment notwithstanding the verdict or for new trial as appeal from final judgment).

An order denying relief under Rule 60(b) is final and appealable. 7 J. Moore, *supra,* ¶ 60.30[3], at 60–343. An appeal of a ruling on a Rule 60(b) motion, however, does not raise the underlying judgment for review. Moreover, the ruling is reviewable only for abuse of discretion. *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

4. Missouri has a five-year statute of limitations for personal injury and negligence actions. Mo. Rev.Stat. § 516.120(4) (1986).

5. The Sheriff of San Francisco County, California, failed to serve process on Clemco at the address listed on the summons, but wrote down a new address on the Certificate of Attempted Personal Service filed with the clerk's office. Sanders did not attempt to serve Clemco at the new address because he claimed he initially was unable to verify that Clemco had offices there. Although Sanders eventually served Clemco suc-

running of the Missouri statute of limitations.[4] Because Sanders inadvertently asked the clerk's office to hold the issuance of summons, he did not serve process on Ingersoll until January 18, 1984. After Ingersoll removed the case to federal court, Sanders voluntarily dismissed the action without prejudice on October 15, 1984, claiming he could not locate Clemco to serve it with process.[5]

Several months later, Sanders verified Clemco's new address and decided to try again.[6] On August 13, 1985, he filed a new complaint on the same cause of action in the United States District Court for the Eastern District of Missouri. This time, Sanders quickly served Clemco and Ingersoll. Clemco eventually filed a motion for summary judgment, claiming that the Missouri statute of limitations barred the action because Sanders failed to exercise due diligence in serving process after filing the initial action.[7] Rather than ruling on the

cessfully at the new address, Clemco now seems to admit that at all times it in fact maintained offices at the old address sufficient for service of process. Based on this fact, Sanders claims that Clemco evaded service of process at the old address.

6. Missouri's "savings statute" permits prospective plaintiffs one year to file a new action if a previous, timely action results in nonsuit, including when a suit is terminated for reasons beyond the plaintiff's control. *Sanders v. Daniel Int'l Corp.,* 616 F.Supp. 127, 128 (W.D.Mo. 1985); Mo.Rev.Stat. § 516.230 (1986). The savings statute, however, will not toll the statute of limitations when the dismissal resulted from the plaintiff's failure to exercise due diligence in obtaining service of process in the previously filed suit. *U.S. Laminating Corp. v. Consolidated Freightways Corp.,* 716 S.W.2d 847, 850 (Mo. Ct.App.1986); *see infra* note 7 (discussing due diligence rule). On the other hand, courts are likely to apply the savings statute when a defendant's evasion of service of process contributed to the plaintiff's need to dismiss the action. *Guffey v. Mehan,* 457 F.2d 777, 779 (8th Cir. 1972). In this case, Sanders alleges that Clemco evaded service of process at the California address. *See supra* note 5.

7. In Missouri, the filing of an action tolls the running of the statute of limitations, but only so long as the prospective plaintiff exercises "due diligence" in serving process on the defendant. *Daniels v. Schierding,* 650 S.W.2d 337, 339 (Mo. Ct.App.1983).

motion, the district court dismissed the complaint *sua sponte* because it failed to state Sanders' citizenship and the defendants' principal places of business for diversity purposes. The district court then denied Sanders' motion to amend the judgment to allow him to amend his complaint.

On an initial appeal, this court reversed and remanded to the district court with instructions to allow Sanders to amend his complaint to cure the jurisdictional defect. This court also instructed the district court to make further findings of fact and conclusions of law on the statute of limitations issue. *Sanders v. Clemco Indus.*, 823 F.2d 214, 217–18 (8th Cir.1987).

After remand, Ingersoll and Clemco filed separate motions for summary judgment based on the statute of limitations defense. On October 27, 1987, Sanders filed a motion to stay action on the summary judgment motions to allow further discovery on the statute of limitations issue. The district court then granted the motions for summary judgment in a unitary Memorandum and Order dated November 6, 1987. On December 7, 1987, within thirty days of the summary judgment order,[8] Sanders filed a motion "For Reconsideration and To Set Aside Summary Judgment." Sanders did not specify under which rule of civil procedure he filed this motion. The district court denied the motion for reconsideration on January 15, 1988, without further opinion. Sanders filed this appeal thirty days later.

## II. DISCUSSION

### A. Appellate Jurisdiction—Absence of Judgment on Separate Document

In reviewing the record in this case after oral argument, this court discovered that the district court filed only a Memorandum and Order granting summary judgment for Clemco and Ingersoll. The district court never entered a final judgment on a separate document as required by Rule 58 of the Federal Rules of Civil Procedure, and the clerk of the district court did not make an entry of a final judgment on the docket sheet as required by Rule 79(a),[9] but noted the filing of the Memorandum and Order on November 6, 1987. Thus, at first blush, this appeal appears premature because it precedes the filing of a final judgment. *See St. Mary's Health Center v. Bowen*, 821 F.2d 493, 496 (8th Cir.1987). The separate-document requirement, however, "is not jurisdictional and may be waived by the parties." *Moore v. Warwick Pub. School Dist. No. 29*, 794 F.2d 322, 323 n. 1 (8th Cir.1986) (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam)).

This court *sua sponte* requested the parties to file supplemental briefs on the question of whether we should deem the appeal premature because of the absence of a separate judgment or whether the parties, particularly the appellant, have waived that requirement. After consideration of these briefs, and of the record in this and the earlier appeal in this case, we determine that the parties have waived the separate-document requirement.

We reach this conclusion for several reasons. First, neither party, before filing supplemental briefs, has raised the question of noncompliance with Rule 58. Instead, the parties have filed pleadings and briefed this appeal as if the Memorandum and Order dated November 6, 1987, constituted a final judgment. Second, Sanders labeled his motion here in question as one "For Reconsideration and To Set Aside Summary Judgment" and referred to the district court's action as "the court's granting of summary judgment." Third, the trial court denied the motion "To Set Aside Summary Judgment," apparently considering the prior Memorandum and Order as a final judgment. Finally, in an earlier ap-

---

**8.** December 6, 1987 did not count in the thirty days for appeal because it fell on a Sunday. *See* Fed.R.App.P. 26(a).

**9.** Rule 58(2) provides that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)." Fed. R.Civ.P. 58(2). In turn, Rule 79(a) requires the clerk of court to enter "the substance of each order or judgment" on the civil docket sheet. Fed.R.Civ.P. 79(a).

peal in this case, the parties also did not raise the district court's failure to enter a separate judgment dismissing Sanders' claim for want of jurisdiction, and we entertained the appeal despite the lack of a separate document. *See Sanders v. Clemco Indus.*, 823 F.2d 214 (8th Cir.1987).

All of the above factors indicate that the parties waived the separate-document requirement during the course of this litigation, both in the prior appeal and in this appeal. *See Hall v. Bowen*, 830 F.2d 906, 911 n. 7 (8th Cir.1987). In light of the action of the parties in ignoring the separate-document requirement in this case and regarding the Memorandum and Order as a final judgment, this panel too must consider this appeal in a similar manner as the prior appeal, and entertain this appeal as one in which the separate-document requirement of Rule 58 has been effectively waived.[10]

■ Although we determine that the parties waived the separate-document requirement in this case, we stress that such a determination is not to be made routinely. Waiver may be entirely inappropriate, and the separate-document requirement enforced, when the right to appeal otherwise would be lost. As Justice Blackmun has noted:

> [T]he separate-document requirement must be applied mechanically in order to *protect* a party's right of appeal, although parties may waive this requirement in order to maintain appellate jurisdiction of their case. The fundamental error of the Court of Appeals in this case, therefore, was to employ [the appellant's] purported waiver to *defeat* its appeal.

*Amoco Oil Co. v. Jim Heiling Oil & Gas, Inc.*, 479 U.S. 966, 107 S.Ct. 468, 471, 93 L.Ed.2d 413 (1986) (Blackmun, J., dissenting from denial of certiorari) (citation omit-

ted); *see also Bankers Trust*, 435 U.S. at 385–86, 98 S.Ct. at 1120–21 (finding waiver to preserve appellate jurisdiction); *United States v. Indrelunas*, 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1564–65, 36 L.Ed.2d 202 (1973) (requiring separate-document to protect right to appeal despite conduct indicating waiver).

■ Unlike the Sixth Circuit in *Amoco*, we do not deprive Sanders of his right to appeal by finding a waiver in this case. Rather, considering the Memorandum and Order of November 6, 1987, as a final judgment, we entertain his appeal to the extent that we can, given the underlying documents and procedural history. We recognize that if we remanded for the entry of a separate judgment, Sanders could appeal on the merits of the case, not merely on the question of whether the trial judge abused his discretion in denying reconsideration of his order. As we have noted, however, when parties have proceeded in the district court and in this court on two occasions as though a Memorandum and Order constituted a final and appealable judgment, and when the appeal is not entirely lost, we should accept appellate jurisdiction to the extent that we can.

Although this case illustrates that failure to comply with Rule 58 does not always deprive an appellate court of jurisdiction, we reiterate that the separate-document rule "is mandatory and is more than a mere formality in that it plays an important role in making a judgment 'final' for purposes of determining when the time for filing post-judgment motions or notice of appeal starts to run." *Moore v. Warwick Pub. School Dist. No. 29*, 794 F.2d 322, 323 n. 1 (8th Cir.1986).

■ We suggest that district courts take care to enter a separate judgment when they intend a final disposition in a case. Moreover, upon receiving a notice of

---

**10.** This court found a waiver under very similar circumstances in *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 484–85 (8th Cir.1988). In *Lupo*, we found a waiver of the separate-document requirement when the parties failed to raise the issue, the district court intended its Memorandum and Order granting summary judgment to constitute a final judgment, and this court had

entertained an earlier appeal on the merits of the case despite the absence of a separate judgment. *Id.* at 484–85. Moreover, the *Lupo* court held that, for the purposes of waiver, the entry of summary judgment ran from the filing of the Memorandum and Order rather than from an earlier docket entry noting the grant of summary judgment. *Id.*

appeal, the clerk's office in this court should examine the docket sheet to confirm the entry of a final judgment as required by Rule 58.

■ Finally, all too often lawyers also ignore the requirements of Rule 58. The winning side needs to inquire whether a separate judgment has been duly entered to assure finality. The losing party also needs to confirm that entry as a basis to file timely postjudgment motions or to protect rights to a timely and proper appeal.

## B. Denial of Motion for Reconsideration

■ This case illustrates the dangers of filing a self-styled "motion for reconsideration" that is not described by any particular rule of federal civil procedure. Federal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *See Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir.1986).[11] The two rules serve different purposes and produce different consequences, both substantive and procedural. *See A.D. Weiss Lithograph Co. v. Illinois Adhesive Prods. Co.*, 705 F.2d 249, 249–50 (7th Cir.1983) (per curiam). When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess, subject to the hazards of the unsuccessful moving party losing the opportunity to present the merits underlying the motion to an appellate court because of delay.[12]

■ For example, if the appellate court characterizes the motion as one under Rule 59(e) "to alter or amend the judgment,"[13] that motion tolls the running of the thirty days to appeal the judgment, and the clock starts anew at the entry of the order disposing of the motion—requiring a notice of appeal following entry of the order. Fed.R.App.P. 4(a)(4). But if the motion is untimely made, beyond the ten-day period, the district court loses jurisdiction over that motion and any ruling upon it becomes a nullity. *Spinar*, 796 F.2d at 1062. Moreover, when thirty days has run from the initial judgment, the time for ap-

11. Some courts consider the substance of a motion for reconsideration in determining whether it arises under Rule 59(e) or Rule 60(b). *See, e.g., Spinar*, 796 F.2d at 1062; *Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir.1983) (per curiam). Other courts hold that any motion filed within ten days after entry of judgment that challenges the correctness of the judgment usually is a Rule 59(e) motion. *See, e.g., Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir.1983) (per curiam); *Western Indus. v. Newcor Canada Ltd.*, 709 F.2d 16, 17 (7th Cir.1983) (per curiam).

The Seventh Circuit has noted that the problem of distinguishing between motions under Rules 59(e) and 60(b) has become "recurrent—one might almost say incessant." *Western Indus.*, 709 F.2d at 16. In addition, one district court recently stated that the filing of motions to reconsider under no particular procedural rule is "an ongoing and increasingly perturbing element of postjudgment procedure in federal district court." *F/H Indus. v. National Union Fire Ins. Co.*, 116 F.R.D. 224, 225 (N.D.Ill.1987).

12. Rules 50(b), 52(b), 59, and 60(b) refer to motions under those rules as being made after entry of final judgment. Some authority, however, indicates that a district court may entertain a Rule 59(e) motion before the entry of final judgment on a separate document. *See*

*Craig v. Lynaugh*, 846 F.2d 11, 13 (5th Cir.1988); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed. 2d 415 (1979). *But see Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 812 (9th Cir. 1981), *overruled on other grounds, Washington Pub. Power Supply Sys. Sec. Litigation*, 823 F.2d 1349 (9th Cir.1987) (en banc). Nevertheless, the rules do call for making these motions after entry of judgment, and we suggest that parties avoid aberrant procedures.

While a Rule 59(e) motion in some circumstances may be filed before entry of judgment on a separate document, a district court may not entertain a Rule 60(b) motion filed before entry of final judgment. *See St. Mary's Health Center v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987). Because we have determined that the parties waived the entry of a separate final judgment in this case, however, the district court properly entertained this motion for reconsideration even if we construe it as arising under Rule 60(b).

13. Although the words "alter or amend" imply something less than "set aside," a court may use Rule 59(e) to set aside the entire judgment. *A.D. Weiss Lithograph Co. v. Illinois Adhesive Prods. Co.*, 705 F.2d 249, 250 (7th Cir.1983); C. Wright & A. Miller, *Federal Practice and Procedure* § 2817, at 111 n. 31 (1973).

peal in the ordinary (not relating to the United States) civil action has elapsed.

By contrast, when a motion for reconsideration made after ten days is deemed a motion for relief from the judgment under Rule 60(b),[14] the ten-day rule does not govern that motion. To prevent its use as a substitute for a timely appeal on the underlying merits, a Rule 60(b) motion must be made within thirty days of the judgment if the alleged error could have been corrected by appeal of that judgment. *Townsend v. Terminal Packaging Co.*, 853 F.2d 623, 624 (8th Cir.1988) (per curiam); *Chester v. St. Louis Hous. Auth.*, 820 F.2d 259, 260 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 108 S.Ct. 236, 98 L.Ed.2d 195 (1987). The rule specifically provides, however, that even a timely motion under it "does not affect the finality of a judgment or suspend its operation." Fed.R.Civ.P. 60(b). Thus, unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appeal of the judgment. *Fox v. Brewer*, 620 F.2d 177, 179 (8th Cir. 1980); *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir.1975). Moreover, an appeal from the denial of a motion made under Rule 60(b) does not raise the underlying judgment for review; it presents the appellate court only with the question of whether the trial court abused its discretion in ruling on the motion. *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Sutherland v. ITT Continental Baking Co.*, 710 F.2d 473, 475 (8th Cir. 1983); *Fox*, 620 F.2d at 179–80; *Lang v. Wyrick*, 590 F.2d 257, 259 (8th Cir.1978) (per curiam).

Under these standards, Sanders' appeal fails regardless of whether we construe his motion as arising under Rule 59(e) or under Rule 60(b), and in particular under Rule 60(b)(1). If we consider the motion as one for an amended judgment under Rule 59(e), the appeal fails for want of jurisdiction. When Sanders made his motion more than ten days after judgment, the district court's denial of relief could rest on its lack of jurisdiction.

Moreover, when the appellant filed his appeal more than thirty days after entry of judgment (in this case the Memorandum and Order for summary judgment), the appeal came too late to invoke appellate review. *See Spinar*, 796 F.2d at 1062–63; *supra* note 2. Thus, we must deny appellant any relief on this appeal if his motion arose under Rule 59(e).

Turning now to the possible contention that the motion for reconsideration sought relief under Rule 60(b), we observe that the appellant *did* file his motion for reconsideration within thirty days after the entry of the summary judgment order, so unlike in *Spinar* and *Fox*, the district court did have jurisdiction to rule on the motion. It denied the motion, and we may review this ruling only for abuse of discretion. *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986) (per curiam), *cert. denied,* —— U.S. ——, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987); *Spinar*, 796 F.2d at 1062.

The district court did not abuse its discretion in denying Sanders' motion under Rule 60(b). First, the motion asserts that the district court erred as a matter of

---

**14.** A Rule 60(b) motion serves to relieve a party from a final judgment or order on one of several specified grounds. The rule provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment * * *.

Fed.R.Civ.P. 60(b). This rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir.1986) (per curiam), *cert. denied,* —— U.S. ——, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987).

law in ruling that Missouri's five-year statute of limitations barred his claims.[15] Thus, the motion raises only issues of law that previously were rejected by the district court, and the district court did not abuse its discretion by subsequently denying relief. As Chief Judge Lay explained in *Fox*, the failure to present reasons not previously considered by the court "alone is a controlling factor against granting relief." *Fox*, 620 F.2d at 180; *see United States v. Whitford*, 758 F.2d 329, 331 (8th Cir.1985); *Cline*, 518 F.2d at 778–79.[16] Second, because Sanders' motion asserted only a previously ruled upon legal matter that he could have raised on a timely appeal, the district court was not required to grant relief under Rule 60(b) as a substitute for Sanders' exercising his right to appeal the alleged error. *See Spinar*, 796 F.2d at 1062–63.

Accordingly, the district court properly denied the motion for reconsideration, considering that motion as made under Rule 60(b)(1).

### C. Summary of Proper Procedure for Postjudgment Motions and Appeals

As a reminder to lawyers who practice in the federal courts, we review the essential procedures for preserving full appellate rights when filing motions challenging judgments rendered in civil bench trials, other than motions specifically enumerated in Rule 60(b).

■ 1. Aggrieved parties in bench trials should not file motions labeled "motion for reconsideration" in federal district court. The Federal Rules of Civil Procedure do not provide for such a motion. Instead, the motion should be properly designated under the rule authorizing the motion, such as Rule 52 or 59.

■ 2. Such a postjudgment motion must be made within ten days to toll the time limitations for taking the appeal and to provide the trial court with jurisdiction to decide the motion.

■ 3. The time for appeal (thirty days in the ordinary case; sixty days when the United States, its officer or agency is a party) thereafter runs from the entry of the judge's order on the motion. A notice of appeal from the judgment will permit the appellant to present on appeal all preserved claims of error, pretrial, trial and posttrial.

We add these caveats:

■ (a) A notice of appeal preceding a timely filed postjudgment motion under Rule 50(b), 52(b) or 59 is premature. Fed. R.App.P. 4(a)(4). The party must file a new notice of appeal. A good suggestion for parties seeking to appeal is to wait at least ten days after entry of judgment before filing a notice of appeal.[17]

■ (b) Observe, however, that this early notice of appeal under subdivision (a) still may serve a useful purpose, for that notice is effective when the postjudgment

---

**15.** Specifically, Sanders argues that the district court erroneously applied Missouri's judicially created "due diligence" rule, which provides that the filing of an action tolls the statute of limitations only so long as the plaintiff exercises due diligence in serving process on the defendants. *Daniels v. Schierding*, 650 S.W.2d 337, 339 (Mo.Ct.App.1983). Sanders claims that the court instead should have applied Rule 3 of the Federal Rules of Civil Procedure, and held that the filing of the complaint commenced the action for statute of limitations purposes.

**16.** The *Fox* court further stated:

This circuit has not allowed relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence. This is not the case here. To prevent its use as a substitute for appeal, we have required a Rule 60(b) motion

alleging judicial inadvertence to be made within the time period allowed for appeal. This was not done here.

*Fox*, 620 F.2d at 180 (citations omitted).

**17.** When a party files a timely Rule 59(e) motion within ten days after entry of judgment, but after the other party files a notice of appeal, the motion divests the appellate court of jurisdiction over the appeal. "The immediate filing of a notice of appeal cannot be allowed to defeat the appellee's rights under Rule 59(e)." *Western Indus. v. Newcor Canada Ltd.*, 709 F.2d 16, 17 (7th Cir.1983) (per curiam). Thus, parties who do not want to run the risk of having their appeals dismissed as premature because of a timely filed postjudgment motion should wait ten days after judgment before filing the notice of appeal.

motion is untimely. But if a party files a timely postjudgment motion, an aggrieved party must file a new notice of appeal following entry of the order disposing of the motion.

 (c) After denial of timely postjudgment motions, an aggrieved party must appeal within thirty days. A subsequent "motion for reconsideration" to the trial court filed more than ten days after the judgment does *not* toll the time for appeal. *See* 6A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 59.13[4], at 59-302 (2d ed. 1987).

## III. CONCLUSION

For the reasons stated above, we affirm the judgment of the district court, including its order denying the motion for reconsideration.