977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Fred Guy MONACO, II, Appellant,
v.
Officer ARMSTRONG; Officer Butler; Officer Chambers;
Officer Gann; Officer Garner; W.C. Glover, Officer;
Officer Henry; Officer Jarrett; Gene Johnston, Officer, also
known as Earl Johnston; Betty Mathis, Clerk; Detective
Peckat; Skipper Polk, Officer; Officer Thompson; Officer
Tyree; Jack Wimberly; Mike Davis; The City of North Little
Rock, Appellees.
 No. 92-2429.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 30, 1992.
Filed: October 5, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fred Guy Monaco II appeals from the district court's[1] denial of his motion for relief from judgment in this 42 U.S.C. § 1983 action. He also appeals from the district court's award of attorney's fees and costs to defendants to sanction him under Fed. R. Civ. P. 37 for his failure to respond to postjudgment interrogatories as ordered by the court. We affirm.
 
 
 2
 In a previous appeal, we affirmed the judgment entered following a four-day jury trial. Monaco v. Armstrong, No. 90-1493 (8th Cir. Feb. 25, 1991) (unpublished per curiam). We concluded that the district court did not abuse its discretion in awarding these defendants $6160.00 in attorney's fees under 42 U.S.C. § 1988 because Monaco's claims against them were frivolous. In an effort to collect the fee award following our decision, defendants served upon Monaco interrogatories seeking information about his assets. Monaco responded evasively even after the district court ordered him to answer fully and specifically. The court warned Monaco that additional attorney's fees and costs would be awarded to defendants if he did not comply. Monaco continued to respond evasively.
 
 
 3
 While defendants' motion for contempt was pending, Monaco filed a "writ of audita querela" and a motion under Fed. R. Civ. P. 17, asserting that defendants had procured their section 1988 fee award by constructive fraud because the Arkansas Public Entities Insurance Cooperative (APEIC) had fully indemnified them, and that, because defendants were no longer real parties in interest, they could not collect the fees. Monaco also argued that the fee award should be vacated in light of Hafer v. Melo, 112 S. Ct. 358 (1991), because he had named these defendants in their individual capacities and thus, their absolute immunity would not bar his claims. Defendants admitted that their attorney's fees were paid by APEIC through excess insurance, but they argued that APEIC was legally subrogated to their rights against Monaco.
 
 
 4
 Following a hearing, the district court declined to find Monaco in contempt, but ordered him to answer certain interrogatories and awarded defendants $1737.19 in attorney's fees and costs as a sanction under Rule 37. Monaco now renews his arguments on appeal.
 
 
 5
 Because the writ of audita querela has been abolished, Fed. R. Civ. P. 60(b), the district court properly construed Monaco's pleading as a Rule 60(b)(3) motion. The court did not abuse its discretion in denying it. See Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992). The motion was untimely filed in January 1992, more than one year after the district court's entry of judgment in February 1990. See Fed. R. Civ. P. 60(b). Even if the motion were timely, Monaco has not shown exceptional circumstances warranting relief from judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 169 n.14 (8th Cir. 1988). The district court correctly rejected his argument that APEIC's payment of attorney's fees amounted to constructive fraud by defendants. Monaco's argument under Hafer is meritless because the district court previously held, and we agreed, that Monaco's claims against these defendants were frivolous. Thus, Monaco has established no basis for relief from judgment. The district court correctly denied Monaco's Rule 17 motion.
 
 
 6
 Defendants were entitled to engage in discovery to aid in the execution of their judgment for attorney's fees. See Fed. R. Civ. P. 69. The district court properly sanctioned Monaco for his failure to comply with the court's discovery orders by requiring him to pay the reasonable attorney's fees and costs of defendants. See Fed. R. Civ. P. 37.
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas