989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dorothy LEWIS, Appellant,
v.
Fred GIBBS, Blue Valley Townhouses; Blue Valley Townhouses;
Neonilo Tejana, doing business as Blue Valley Townhouses;
Eugene E. Jennings, doing business as Blue Valley Court;
Robert Hughes, doing business as Blue Valley Court; John
Kulphongtantana, doing business as Blue Valley Court, Appellees.
 No. 92-3319.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 1, 1993.
Filed: March 5, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dorothy Lewis appeals from the district court's[1] denial of her Federal Rule of Civil Procedure 60(b) motion, following the court's dismissal of her action against the owners and manager of the Blue Valley Court Townhouses. We affirm.
 
 
 2
 In a March 1992 amended complaint, Lewis alleged that manager Fred Gibbs submitted fraudulent information concerning her income to the Department of Housing and Urban Development (HUD). Lewis alleged that Gibbs was responsible for reporting this information to verify that she qualified for low-income housing. She alleged that Gibbs forged her signature on an income verification form that showed she qualified for zero-rent status; Lewis then lived in her townhouse rent-free for two years. Following a HUD investigation of the fraud, Lewis was fined $10,000. Lewis alleged that Gibbs was actually the guilty party. She also alleged that Gibbs did not take action against a neighbor who was harassing her. Lewis requested one million dollars in damages.
 
 
 3
 On June 23, the district court dismissed her complaint, characterizing her allegations as raising a landlord-tenant dispute and fraud and forgery charges, and determining that the allegations did not contain facts that would support subject-matter jurisdiction. On July 1, Lewis filed a motion to reconsider the judgment, stating that the court should grant her "leave for excusable neglect as pursuant to Rule 60(b)(1)" and disregard any errors in her pleadings that resulted from her misunderstanding of the Federal Rules of Civil Procedure. On September 9, the court denied the motion, stating that Lewis did not make the requisite showing under Rule 60 of an exceptional circumstance that would require a reconsideration of the judgment.
 
 
 4
 On September 24, more than three months after the court entered judgment, Lewis appealed from the order "entered in this action on the 9th day of September, 1992." On appeal, Lewis does not specifically allege error in the district court's dismissal, but argues that defendants were guilty of defrauding HUD.
 
 
 5
 To the extent that Lewis is attempting to appeal from the court's June order dismissing her complaint, we do not have jurisdiction to review that order. Lewis's Rule 60(b) motion did not toll the time for appeal. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988). This appeal from the denial of her Rule 60(b) motion also "does not raise the underlying judgment for review; it presents [this court] only with the question of whether the trial court abused its discretion in ruling on the motion." Id.
 
 
 6
 Rule 60(b) relief is available only upon an adequate showing of exceptional circumstances. Id. at 169 n.14. The district court did not abuse its discretion in denying Lewis's Rule 60(b) motion because her misunderstanding of the rules of civil procedure does not present an exceptional circumstance.
 
 
 7
 Accordingly, we affirm.
 
 
 8
 A true copy.
 
 Attest:
 
 9
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri