_____

No. 95-3981
_____

Dean Alexander,                         *
                                        *
            Appellant,                  *
                                        *  Appeal from the United States
      v.                                *  District Court for the
                                        *  District of Minnesota.
Steve Hokanson; Wesley                  *       [UNPUBLISHED]
Neidermeier,                            *
                                        *
            Appellees.                  *

_____

            Submitted:  June 6, 1996

               Filed:  June 12, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Dean Alexander appeals the district court's[1] order denying his motion
to reconsider the court's order granting defendants summary judgment in
this 42 U.S.C. § 1983 action.  We affirm.

     While incarcerated at the Minnesota Correctional Facility at
Stillwater (Stillwater), Alexander filed this action alleging Chaplains
Steve Hokonson and Wesley Neidermeier violated his First Amendment rights
when they failed to accede to his demand for a vegetarian diet, which he
maintained was mandated by his Christian faith.  The district court granted
defendants summary judgment, concluding Neidermeier was not a state actor
and had not acted under color of state law, and Hokonson had acted
reasonably in denying Alexander's dietary request and had not violated his
First

_____

     [1]The Honorable David S. Doty, United States District Judge
for the District of Minnesota.

Amendment rights. Alexander did not appeal this judgment. More than thirty days later, he sent the district court a letter, which the court construed as a "motion for reconsideration," and denied. Alexander timely appealed the denial.

Construing Alexander's letter as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b), we note it did not toll the time for filing a notice of appeal from the underlying judgment, because it was not filed within ten days of the judgment. See Fed. R. App. P. 4(a)(4)(F) (time for filing notice of appeal is tolled by Rule 60 motion filed no more than ten days after judgment entered). Thus, in reviewing the district court's denial of the Rule 60(b) motion, we determine only whether the district court abused its discretion in denying the motion; we do not pass on the propriety of the court's underlying grant of summary judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

We conclude the district court did not abuse its discretion in denying reconsideration, because none of the matters set forth in Alexander's letter qualified him for Rule 60(b) relief. See Fed. R. Civ. P. 60(b); Sanders, 862 F.2d at 169 (Rule 60(b) provides for extraordinary relief which may be granted only upon adequate showing of exceptional circumstances).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.