89 F.3d 840
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dean ALEXANDER, Appellant,
v.
Steve HOKANSON; Wesley Neidermeier, Appellees.
 No. 95-3981.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 6, 1996.
Filed June 12, 1996.
 
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dean Alexander appeals the district court's[1] order denying his motion to reconsider the court's order granting defendants summary judgment in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 While incarcerated at the Minnesota Correctional Facility at Stillwater (Stillwater), Alexander filed this action alleging Chaplains Steve Hokonson and Wesley Neidermeier violated his First Amendment rights when they failed to accede to his demand for a vegetarian diet, which he maintained was mandated by his Christian faith. The district court granted defendants summary judgment, concluding Neidermeier was not a state actor and had not acted under color of state law, and Hokonson had acted reasonably in denying Alexander's dietary request and had not violated his First Amendment rights. Alexander did not appeal this judgment. More than thirty days later, he sent the district court a letter, which the court construed as a "motion for reconsideration," and denied. Alexander timely appealed the denial.
 
 
 3
 Construing Alexander's letter as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b), we note it did not toll the time for filing a notice of appeal from the underlying judgment, because it was not filed within ten days of the judgment. See Fed. R.App. P. 4(a)(4)(F) (time for filing notice of appeal is tolled by Rule 60 motion filed no more than ten days after judgment entered). Thus, in reviewing the district court's denial of the Rule 60(b) motion, we determine only whether the district court abused its discretion in denying the motion; we do not pass on the propriety of the court's underlying grant of summary judgment. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir.1988).
 
 
 4
 We conclude the district court did not abuse its discretion in denying reconsideration, because none of the matters set forth in Alexander's letter qualified him for Rule 60(b) relief. See Fed.R.Civ.P. 60(b); Sanders, 862 F.2d at 169 (Rule 60(b) provides for extraordinary relief which may be granted only upon adequate showing of exceptional circumstances).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota