# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1872

_____

Scott Louis Youngbear,          *
                                        *

          Appellant,       *

                                        *   Appeal from the United States
    v.                           *   District Court for the
                                        *   Southern District of Iowa

James McKinney, Acting Director,  *
Iowa Department of Corrections,   *     [UNPUBLISHED]
                                        *

          Appellee.        *

_____

Submitted:  August 24, 1999

Filed:  August 31, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Scott Louis Youngbear, an Iowa prisoner, appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa denying his requests for reconsideration of a prior judgment of the court. For the reasons discussed below, we affirm.

_____

[1]The Honorable R. E. Longstaff, United States District Judge for the Southern District of Iowa.

Youngbear filed the instant action against prison officials and tobacco product manufacturers, asserting constitutional and pendent state law claims based on his allegations that he has been exposed to second-hand smoke in the prison. After the district court dismissed the action without prejudice, Youngbear filed numerous unsuccessful motions for reconsideration. He also moved to amend his complaint, but the district court concluded that the amended complaint failed to state a claim and denied Youngbear leave to amend. Youngbear promptly moved to amend the judgment, arguing that the court did not take his complaint seriously; in an order dated June 18, 1998, the district court summarily denied this motion as well. Youngbear then moved under Fed. R. Civ. P. 60(b)(4) for relief from the court's June 18 order, and later filed an application for a "writ of mandatory injunction." On February 26, 1999, the district court denied the Rule 60(b)(4) motion; and noting that it was difficult to discern what Youngbear was requesting in his application for injunctive relief, the court also denied the requested relief to the extent Youngbear sought reconsideration of the court's prior decision regarding his case, or to void the judgment. It is from this February 26 order that Youngbear now appeals.

As Youngbear's appeal from the denial of his Rule 60(b) motion does not raise the underlying judgment for review, we are presented only with the question whether the district court abused its discretion in denying relief. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (standard of review). We conclude the district court did not abuse its discretion. Youngbear failed to show why the judgment was void, see Fed. R. Civ. P. 60(b)(4) (providing for relief from void judgment), or why he otherwise was entitled to relief under Rule 60(b).

Accordingly, we affirm. See 8th Cir. R. 47A(a). The petition for writ of injunction is denied.

A true copy.

Attest:

                CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.