# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4105EA

_____

| | |
|---|---|
| Emmit Broadway, also known as Emmit Daniels, | * <br> * <br> * |
| Appellee, | * <br> * |
| v. | * <br> * On Appeal from the United <br> * States District Court |
| Larry Norris, Director, Arkansas Department of Correction, in his official and individual capacities; and Marvin Evans, Warden, East Arkansas Regional Facility, Arkansas Department of Correction, in his official and individual capacities, | * for the Eastern District <br> * of Arkansas. <br> * <br> * <br> * <br> * <br> * |
| Appellants. | * |

_____

Submitted: September 15, 1999

Filed: October 22, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Larry Norris and Marvin Evans appeal the District Court's[1] denial of their "motion for reconsideration." As the District Court did, we construe this motion as a request for relief under Federal Rule of Civil Procedure 60(b). We lack jurisdiction to hear a portion of the appeal, and dismiss as to that portion. As to the rest of the appeal, we review for abuse of discretion, see Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988), and, finding none, we affirm.

## I.

Emmit Broadway brings this action under 42 U.S.C. § 1983. Broadway's claims arise from his pre-trial detention in the East Arkansas Regional Facility of the Arkansas Department of Correction in March of 1996. Broadway alleges that during his period of confinement, he did not receive necessary medical attention, and that his Fifth, Eighth, Ninth, and Fourteenth Amendment rights were violated. Broadway brought this action against Larry Norris and Marvin Evans of the Arkansas Department of Correction, and Carl Oxner, Sheriff of Lee County, in their respective official and individual capacities. Broadway also named various medical persons as defendants.

The principal allegations of the complaint with respect to the defendants Norris and Evans, who are the appellants in this Court, were as follows: "Defendants Norris and Evans . . . failed to install any form of audit procedures to check on the performance of its contractor of medical services; and therefore, allowed and does now allow to exist the deprivation of adequate medical services to inmates, to include Plaintiff." Complaint, ¶ 28. Plaintiff further alleges: "The acts and omissions of Defendants Norris and Evans . . . in failing to audit the performance of the medical Defendants in carrying out their duties under the contract, and in their contract which encouraged the providers of health care to delay and/or deny necessary medical

_____

[1]The Hon. Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

examinations and treatments, constitute deliberate indifference to serious medical needs and denial of necessary medical treatment for Plaintiff. . . ." Id., ¶ 30. Finally, plaintiff alleges: "Defendants, knowing of the medical needs of Plaintiff . . . failed and neglected to establish and implement policies, practices, and procedures designed to assure that Plaintiff receive medical treatment and care at the standards therefor in Arkansas as a whole, or have adopted policies, practices, and procedures which Defendants knew or reasonably should have known, would be ineffective in delivering medical treatment and care. . . ." Id., ¶ 48.

Two motions to dismiss were filed: one by Carl Oxner and one by separate defendants Larry Norris and Marvin Evans. Norris's and Evans's motion asserted both qualified-immunity and respondeat superior defenses. Their motion also argued that plaintiff's complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

On September 11, 1998, the District Court granted Carl Oxner's motion to dismiss. The Court granted in part and denied in part Norris's and Evans's motion to dismiss. The Court rejected Norris's and Evans's respondeat superior and qualified-immunity defenses with respect to claims against them in their individual capacities. However, the Court indicated that these defenses could be revisited on motion for summary judgment.

Defendants (Norris and Evans) did not appeal. Rather, they filed what they styled a "motion for reconsideration" on September 23, 1998. In this motion, they argued, among other things, that the District Court had erred in rejecting their qualified-immunity defense. Defendants made new arguments concerning this defense, and cited four cases which were not relied on in their brief in support of their original motion to dismiss.

On November 12, 1998, the District Court issued its order. Noting that there is no provision for a motion for reconsideration in the Federal Rules of Civil Procedure, the District Court construed defendants' motion as a Rule 60(b) motion. The Court denied the motion, reiterating its earlier position that a motion for summary judgment could be brought later if discovery yielded evidence that defendants were entitled to qualified immunity as a matter of law.

On November 20, 1998, the defendants appealed the November 12, 1998, order denying their "motion for reconsideration." Defendants make two claims on appeal: (1) the District Court erred in denying their motion to dismiss on qualified-immunity grounds; and (2) the District Court erred in permitting plaintiff's claims to move forward on a respondeat superior theory.

## II.

The Federal Rules of Civil Procedure do not mention motions for reconsideration. This Court is frequently put in the difficult position of deciding whether a "motion for reconsideration" is in fact a Rule 59(e) "Motion to Alter or Amend a Judgment," or a Rule 60(b) "Motion for Relief from Judgment or Order." Both the standard of review and the precise questions on appeal depend on how we characterize this motion.

This motion was not directed to a final judgment, but rather to a nonfinal order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order. For that reason, we agree with the District Court that this "motion for reconsideration" should be construed as a Rule 60(b) motion.

An appeal of a Rule 60(b) motion does not bring up the underlying judgment or order for review. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

We look only at the District Court's order denying the Rule 60(b) motion. The standard of review is abuse of discretion. Ibid.

III.

Before we can proceed to the question of whether the District Court abused its discretion in denying defendant's motion, we must resolve a jurisdictional issue. Plaintiff urges that this Court has no jurisdiction to hear this appeal. Plaintiff argues that under 28 U.S.C. § 1291, this Court has jurisdiction to review only "final decisions" of district courts. The plaintiff further argues that the collateral-order exception, created in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), and applied specifically to qualified-immunity cases in Mitchell v. Forsyth, 472 U.S. 511 (1985), does not apply because the District Court did not conclusively determine the questions involved with respect to the qualified-immunity defense.

We agree that we have no jurisdiction over defendants' respondeat superior issue -- the argument that the complaint fails to state a claim because it seeks to hold defendants solely on a theory of vicarious liability for the acts of other prison employees under their supervision. The District Court rendered no final judgment, and no collateral-order exception applies. An order denying a Rule (12)(b)(6) motion is simply not appealable, as a general rule.

However, we do have jurisdiction as to defendants' qualified-immunity issue. The District Court's opinion was a final disposition of the qualified-immunity defense at the pleadings stage. This is sufficient to bring it within the exception for qualified-immunity appeals created by the Supreme Court in Mitchell v. Forsyth, 472 U.S. at 530, and applied in our Court in Miller v. Schoenen, 75 F.3d 1305, 1308-09 (8th Cir. 1996).

## IV.

Finally, we address the question of whether the District Court abused its discretion in denying defendants' Rule 60(b) motion on the qualified-immunity issue. We hold that the Court did not abuse its discretion.

In their "motion for reconsideration," defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple re-argument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.

To the extent that we have jurisdiction to hear the defendants' appeal, the order of the District Court is affirmed. The remainder of the defendants' appeal is dismissed for want of jurisdiction.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.