# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3776

_____

| | | |
|---|---|---|
| Layne A. Lindberg; Barbara J. Lindberg, residents of Pennington County, in the State of South Dakota, | * * * * | |
| Appellants, | * * | |
| Layne A. Lindberg, doing business as Master's Log Builders, | * * | |
| | * * * | Appeal from the United States District Court for the District of South Dakota. |
| Plaintiffs, | | |
| v. | * * | |
| | * | [UNPUBLISHED] |
| First Construction Credit, Inc., a corporation doing business in the State of South Dakota; First Mortgage Financial Corporation, a corporation doing business in the State of South Dakota, | * * * * * * * | |
| Appellees. | * | |

_____

Submitted: August 4, 2000

Filed: August 10, 2000

_____

Before McMILLIAN, BOWMAN, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Layne and Barbara Lindberg, husband and wife, decided to purchase, improve, and subdivide a forty-acre tract of real estate. To finance this project, they applied for and obtained a construction loan with First Construction Credit, Inc. (First Construction) through First Mortgage Financial Corp. (First Mortgage), a mortgage broker. Construction costs ultimately exceeded the construction-loan amount, however, and the parties' business relations deteriorated during the process of obtaining new appraisals of the property in an attempt to increase the amount of permanent "end" financing by a different lender. First Construction offered to extend the construction loan due date, but the Lindbergs filed this action instead. First Construction then initiated and prevailed in a state court foreclosure action concerning the subject property. In their amended complaint, the Lindbergs asserted a host of contract and tort claims, and a claim for breach of fiduciary duty, all arising out of the failed construction loan and the resulting foreclosure. The district court[1] granted summary judgment to First Construction and First Mortgage, and the Lindbergs appeal. We affirm.

We conclude that summary judgment was proper. The Lindbergs failed to present evidence of a fiduciary relationship with defendants, see High Plains Genetics Research Inc. v. J.K. Mill-Iron Ranch, 535 N.W.2d 839,842 (S.D. 1995), and pointed to no specific term of the loan agreement that First Construction breached, see S.D. Codified Laws § 53-8-5 (Michie 1990) (execution of contract in writing supersedes all oral negotiations or stipulations which preceded or accompanied its execution); Chord v. Reynolds, 587 N.W.2d 729, 732 (S.D. 1999) (construction of written contract is question of law). Further, the Lindbergs failed to present evidence of any false statement or promise that defendants made--and upon which the Lindbergs relied--to

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

induce the Lindbergs to enter into the loan agreement, or to take some other action during the time period at issue. See S.D. Codified Laws § 20-10-2 (Michie 1995) (acts constituting deceit); S.D. Codified Laws § 53-4-5 (Michie1990) (acts constituting actual fraud); S.D. Codified Laws § 53-4-6 (Michie1990) (acts constituting constructive fraud); Taggart v. Ford Motor Credit Co., 462 N.W.2d 493, 498 (S.D. 1990) (allegations of fraud and deceit without specific material facts to substantiate them will not prevent summary judgment). We conclude that the Lindbergs' claims for intentional and negligent infliction of emotional distress likewise fail. See Nelson v. WEB Water Dev. Ass'n Inc., 507 N.W.2d 691, 698 (S.D. 1998) (intentional infliction); Wright v. Coca Cola Bottling Co., 414 N.W.2d 608, 609-10 (S.D. 1987) (negligent infliction).

We have carefully considered the Lindbergs' remaining claims--many of which were asserted after the filing of their amended complaint--and we conclude, as did the district court, that the claims are unavailing and the Lindbergs' arguments are misguided. We also note that a number of claims would be barred under the doctrine of res judicata as matters that should have been raised in the state foreclosure action. See North Star Steel Co. v. MidAmerican Energy Holdings Co., 184 F.3d 732, 737 (8th Cir.) (federal courts must give state court judgments same preclusive effect as would state court), cert. denied, 120 S. Ct. 580 (1999); SDDS, Inc. v. State, 569 N.W.2d 289, 294 (S.D. 1997) (res judicata prevents relitigation of issue actually litigated or which properly could have been raised and determined in prior action), cert. denied, 523 U.S. 1118 (1998).

Finally, we see no abuse of discretion in the district court's decision to deny the Lindbergs' motion for reconsideration. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.