# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3801

_____

Roger Meyer, Personal Representative    *
of the Estate of Tony Max Meyer,    *
   *    Appeal from the United States
       Appellant,    *    District Court for the
   *    District of South Dakota.
     v.    *
   *    [UNPUBLISHED]
United States of America,    *
   *
       Appellee.    *

_____

Submitted: March 5, 2002
Filed: March 13, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Roger Meyer, as personal representative of the estate of Tony Max Meyer ("Meyer"), brought an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1) et seq., alleging that the Veterans Administration ("VA") breached its duty to provide reasonable protection to Meyer while he was a resident in the domiciliary facility of a VA medical center, resulting in Meyer's murder by a third party. The district court[1] granted summary judgment for the United States, finding

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

that the actions of the VA employees were discretionary and grounded in public policy, and thus, fell within the discretionary function exception to the FTCA waiver of sovereign immunity. The estate appeals the adverse summary judgment ruling and the denial of its Federal Rules of Civil Procedure 60(b) motion.

On February 27, 1997, Meyer sought treatment for drinking problems at the VA Medical Center in Hot Springs, South Dakota, where he was checked into the VA domiciliary pending his screening for a substance abuse treatment program. That evening, a VA police officer encountered Meyer outside the domiciliary's laundry facility where he observed both Meyer's odd statements about a "captain" and abrasions over one of Meyer's eyes and on his arm. The officer reported his observations to a domiciliary assistant and called back later to see if assistance was needed. The domiciliary assistant checked on Meyer in the laundry facility and asked Meyer questions about where he was and whether he could return to his room. The VA employees had no further contact with Meyer. Later that evening, Meyer was found on the hospital grounds, strangled to death by persons unknown.

After careful de novo review, see Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998), we conclude that the district court correctly determined that the discretionary function exception bars this FTCA action against the United States. The "discretionary function exception" excludes the government from liability for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a). The two-part test to determine whether the discretionary function exception applies to a government employee's conduct is (1) whether the conduct in question involves an element of judgment or choice (there is no judgment or choice involved when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow), and (2) whether the discretionary conduct is rooted in public policy. See Berkovitz v. United States, 486 U.S. 531, 536-37 (1988).

The policies in evidence did not mandate a course of action to be followed when confronted with the situation that the VA employees faced. See Dykstra v. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998) (where no mandate exists, governmental action is considered product of judgment or choice (i.e., discretionary)). Rather, the VA employees' conduct with respect to Meyer's care was a product of judgment and choice, based on their observations of Meyer and their background in dealing with patients. Cf. id. at 796 (correctional officer's decision not to place inmate in protective custody or to take other protective action was discretionary); Deuser v. Vecera, 139 F.3d 1190, 1195 (8th Cir. 1998) (extent of security procedures used at park with respect to intoxicated individual was discretionary function reserved to judgment of rangers). Further, judgments involving the security and safety measures made available to patients staying in the domiciliary at the VA are the type of judgment the discretionary function exception was designed to shield, and the VA employees' decisions about how to treat Meyer were in furtherance of the VA hospital's policies in these areas. See Chantal v. United States, 104 F.3d 207, 210 (8th Cir. 1997) (discretionary function exception is designed to prevent judicial "second guessing" of decisions made by government officials which are essentially grounded in social, economic, and political policy); cf. Dykstra, 140 F.3d at 796 (prison officials supervise inmates based upon security levels, available resources, classification of inmate, and other factors; such decisions are grounded in social, political, and economic policy).

We also conclude that the district court did not abuse its discretion in denying the estate's postjudgment motion because the evidence submitted did not affect the district court's discretionary-function-exception analysis. See Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (Rule 60(b) denial reviewed for abuse of discretion).

Accordingly, we affirm.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.