# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1740

_____

Lori Irish

*Plaintiff - Appellant*

v.

United States Department of Justice; Federal Bureau of Prisons; Officer Pena;
Lieutenant Duncan; Lieutenant Omelson; Unknown Federal Bureau of Prison
Employees; Officer G. Duffy

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: April 7, 2014
Filed: May 2, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In September 2011, Lori Irish, then an inmate at the Federal Correctional Center in Waseca, Minnesota, filed an action raising claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the

Federal Tort Claims Act. The district court adopted the magistrate judge's recommendation to grant defendants' motion for summary judgment, and subsequently denied Irish's post-judgment motion seeking reconsideration of the summary judgment order. Irish has timely appealed both orders. We conclude that the denial of Irish's post-judgment motion was an abuse of discretion, because Irish did not receive the memorandum and evidence defendants filed in support of their motion. See Sanders v. Clemco Indus., 862 F.2d 161, 168-69 (8th Cir. 1988) (reviewing denial of Fed. R. Civ. P. 60(b) motion for abuse of discretion; discussing self-styled motions for reconsideration).

Defendants' motion consisted of a two-page "Motion to Dismiss or for Summary Judgment," supported by a forty-page memorandum, six declarations, and over one hundred pages of exhibits. The district court docket sheet reflects the motion and supporting documents were all filed on May 23. Also on May 23, defendants filed a certificate of service which stated that the supporting documents had been mailed to Irish on May 23 at her then-current address in Las Vegas. On May 30, defendants filed another certificate of service which stated that the motion itself had been mailed to Irish, at the same address, on May 30. After informing the court she had not received defendants' motion, Irish was given additional time to respond, and eventually filed a two-page opposition to defendants' motion, appearing to address the statements made in the motion itself.

The magistrate judge's January 3, 2013, report, which recommended granting defendants' motion, notified the parties that objections had to be made by January 17. Irish's request for additional time to file objections was denied, and the district court adopted the magistrate judge's report and entered judgment. Irish then filed her post-judgment motion, in which she stated, as relevant, that she was confused by the magistrate judge's reference to witness statements and evidence she had not seen; that she had been unable to figure out what was going on in the short period of time between the report and the district court's order; but that she had obtained electronic

access to the court's docket and would try to determine if documents had been filed she had not seen. The district court denied her motion.

We conclude, as further illustrated by Irish's filings on appeal, that a question of fact exists as to whether Irish in fact received a copy of the documents filed by defendants in support of their summary judgment motion, such that the denial of Irish's motion to vacate the summary judgment order was an abuse of discretion. See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63-64 (8th Cir. 1993) (concluding interests of justice required consideration of new evidence not before district court where district court "suffered under a misconception that prevented a genuine application of [its] discretion to all facets of this case"). Irish has explained that she initially received none of the materials sent, that she notified defendants' counsel on May 30 that she had not received the motion, and that she then received only the two-page motion to dismiss or for summary judgment, to which she responded in kind. While defendants filed a certificate stating that they mailed the supporting documents to the correct address on May 23, Irish has provided an affidavit stating that she received only the two-page motion, and would have filed a more comprehensive response had she received the supporting documents. Defendants have not disputed Irish's statement that she notified defense counsel on May 30 that she had not received the motion, and defendants' May 30 certificate of service indicates that they mailed to Irish the motion (only) on May 30. These circumstances are sufficient to rebut any presumption that Irish received the documents defendants mailed on May 23. See Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 947 (8th Cir. 1999) (recognizing general rebuttable presumption that properly mailed document is received).

We reverse the district court's order denying reconsideration, and we vacate the order granting summary judgment. On remand, the district court shall order that

a complete set of summary judgment materials be sent to Irish and give her a reasonable amount of time to prepare a response to the motion for summary judgment.

_____