16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Alex A. MASON, Appellant,
v.
William MEINERS, Appellee.
 No. 93-2200.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 17, 1994.
Filed: January 28, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alex A. Mason, a Missouri inmate, appeals from the district court's[1] denial of his motion to alter or amend the district court's entry of summary judgment in favor of defendant in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On April 4, 1988, Mason filed a pro se section 1983 complaint against Assistant State Prosecutor William Meiners, in his official and individual capacities, claiming that he had destroyed, altered, and/or suppressed physical evidence prior to and during the course of Mason's trial for first-degree murder in 1985.
 
 
 3
 The district court granted Meiners' summary judgment motion. The court ruled that the facts set forth by Mason in his opposition to summary judgment, his affidavit, the police intake records, and the transcript pages did not raise a genuine issue of material fact for trial because Mason did not contradict Meiners' statements in his affidavit that he did not destroy or alter any evidence, and that he did not suppress or fail to produce witness statements or forensic reports.
 
 
 4
 Mason timely filed a motion to alter, amend, or reconsider the entry of summary judgment under Fed. R. Civ. P. 59(e), alleging that there was additional evidence which would raise a genuine issue for trial. The court denied Mason's motion, reasoning that the additional evidence (Meiners' trial notes) was not sufficient to raise a genuine issue of material fact for trial and that Mason had had sufficient time-from October 15, 1991, to July 30, 1992-to complete discovery.
 
 
 5
 In this timely appeal, Mason pro se appeals the district court's denial of his post-judgment motion. We construe Mason's timely appeal of the denial of his Rule 59(e) motion also as an appeal from summary judgment because he indicates in his brief that he intended to appeal that decision. See Sanders v. Clemco Indus., 862 F.2d 161, 164-65 n. 3 (8th Cir. 1988). Mason argues that his new evidence raised a question of material fact for the jury, thereby making the grant of summary judgment improper.
 
 
 6
 We agree with the district court that Mason produced no facts showing that Meiners had any involvement in destroying, altering, or suppressing any evidence. See Myers v. Morris, 810 F.2d 1437, 1447-48 (8th Cir.) (prosecutor is entitled to summary judgment where prosecutor denied by affidavit destroying any evidence and plaintiff failed to come forward with any direct controverting evidence), cert. denied, 484 U.S. 828 (1987). Meiners attested that he did not have any involvement, and Mason came forward with no direct controverting evidence. Even Meiners' trial notes do not raise a genuine issue of fact because they do not conflict with his attestation that he did not alter evidence. Because Mason has shown no misconduct by Meiners, summary judgment was appropriate. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The denial of Mason's Rule 59(e) motion was not an abuse of discretion because the district court correctly ruled that Mason did not seek a discovery continuance and, in any event, the notes did not sufficiently controvert Meiners' affidavit.
 
 
 7
 Accordingly, we affirm the judgment of the trial court.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri